The State v. J. F. Steely, Appellant.—33 S. W. (2d) 938.

Division Two, December 31, 1930.

*Stratton Shartel*, Attorney-General, and *Ray Weightman*, Assistant Attorney-General, for respondent.

WESTHUES, C.—By an information filed in the Circuit Court of Texas County, the defendant was charged with burglary and larceny, to-wit, breaking into a chicken house of one R. W. Nipps and taking therefrom one hundred and twenty chickens. Upon a trial, the jury found the defendant guilty of burglary only, and assessed his punishment at two years in the state penitentiary. Motion for a new trial was filed, overruled, and defendant sentenced. From this sentence he has appealed to this court.

The evidence on the part of the State is substantially as follows:

The owner of the premises alleged to have been burglarized was away from home and left his belongings in charge of one Charlie Garlett, a neighbor. On the night in question Garlett had locked the henhouse. The next morning when he returned to the place, he noticed chickens coming through a window. The window, according to the witness, was screened. The screening was found to have been torn or broken. Counting the chickens, one hundred and twenty seemed to be missing. A light rain or heavy dew had fallen that night. Garlett sent for bloodhounds, leaving instructions that no one should go near the window in question. Several witnesses testified that human tracks led from the henhouse to the home of the defendant.

These tracks, according to witnesses, could be followed by the footprints in the grass and weeds, and along this trail were found chicken feathers of sufficient number to follow it to defendant's home. Witness further testified that when the bloodhounds arrived they were given the scent at the window with the broken screen; that the dogs followed the trail to defendant's home, and, according to the owner of the dogs, went up to the defendant, made their usual sign of identification and quit their work, indicating thereby that they had finished their trail. Eighteen chickens were found in defendant's smokehouse, which were identified by Garlett and several witnesses as the chickens belonging to Nipps.

Defendant testified that he placed the chickens in the smokehouse, but claimed them as his own, explaining that he had tied them preparatory to taking them to market. Defendant also offered evidence in support of his defense, an alibi. Defendant's household consisted of himself, his wife and five small children.

Defendant was represented by able counsel who have not favored this court with a brief. In view of the long record, a brief would have been appreciated.

Prior to the trial, defendant filed a motion to suppress the evidence relating to the finding of the chickens, because no search warrant had been obtained. This motion was overruled, and defendant alleges this as error in his motion for new trial. The circuit court heard much testimony on this motion. To dispose of this assignment it is sufficient to state

that witness Charlie Garlett, not an officer, aided in following the tracks of a human being from the smokehouse of Nipps to defendant's home. After arriving there and while seated near a small building about twenty steps from defendant's home, he heard chickens in the building and looking through a crack in the wall saw some chickens, which resembled those stolen. Witness opened the door and found what witness and his wife identified as part of the chickens alleged to have been stolen. Garlett not being an officer, the constitutional protection against unreasonable search, etc., does not apply. [State v. Pomeroy, 130 Mo. 489, 32 S. W. 1002; 32 Cyc. 1274 (E. 73); Chapman v. Commonwealth, 267 S. W. (Ky.) 181.]

This also disposes of the assignment relating to Instruction A, offered by defendant and refused by the court. Instruction A purported to eliminate the evidence mentioned in the motion to suppress. Assignments No. 5 and No. 3 and the eight subdivisions thereof, pertain to the evidence on the work of the dogs. Evidence of this kind is held to be admissible by the great weight of authority under proper restrictions and cautionary instructions. The preliminary proof usually required is that the dogs must be of pure blood stock, characterized by acuteness of scent and power of discrimination to track human beings and must be accustomed and trained so to do; that by experience they have proved to be reliable and able to follow a trail from beginning to end, to the exclusion of all other trails that may intervene. In the case on trial, the dogs must be put on the trail at the scene of the crime or some place where the evidence shows the culprit to have been. Also, that the dogs pursued this trail to the end and made their customary sign of identification. This preliminary showing must be made by persons having personal knowledge of the facts. [16 C. J. 565, and cases cited; State v. Fixley, 233 Pac. (Kan.) 796; State v. McKinney, 106 S. E. (W. Va.) 894; State v. McLeod, 146 S. E. (N. C.) 409; State v. Barnes, 289 S. W. (Mo.) 562.]

When the preliminary foundation is thus laid, then the evidence is admissible. The circumstances surrounding the working of the dogs in the case on trial, their previous experience, training and breed should go to the jury. It then becomes a matter for the jury to weigh the testimony and give it such credit and weight as they deem proper; not, however, that the defendant committed the crime, but as a circumstance to show that the defendant was at the scene of the crime prior to the time the dogs were placed on the trail. [16 C. J. 564; State v. Rasco, 239 Mo. 535, 144 S. W. 449. For later cases see Fisher v. State, 116 So. (Miss.) 746; State v. Barnes, supra; Stidham v. Commonwealth, 297 S. W. (Ky.) 929; Meyers v. Commonwealth, 240 S. W. (Ky.) 71; Copley v. State, 281 S. W. (Tenn.) 460; Holub v. State, 172 S. W. (Ark.) 878; West v. State,

234 S. W. (Ark.) 997.] The requirements as to the preliminary showing were somewhat relaxed in Fox v. State, 246 S. W. (Ark.) 863, by a majority of the court. However, a strong protesting dissenting opinion was filed by SMITH, J., in which HART, J., concurred. For courts holding the evidence inadmissible, see 16 Corpus Juris, page 564, note 45, and cases cited. In the present case before the court, we find the preliminary showing sufficient to make the testimony admissible. A pedigree certificate was offered as to each dog, indicating the dogs to be of pure blood stock for six generations. The trainer of the dogs testified as to their training, accuracy and experience; the owner as to the work of the dogs in the case on trial. Defendant's counsel was permitted to and did cross-examine each witness fully on this subject. The court properly protected the defendant giving cautionary instructions offered by the State and also those offered by defendant. We therefore rule this assignment against the defendant.

There is no merit in the assignment of error No. 6. The venue was sufficiently shown to have been in Texas County. Also there is no merit in assignment No. 7. The only evidence offered as to the reputation of the defendant was as to his truth and veracity. Therefore, the court was not bound to instruct on good character, under Section 4025, Revised Statutes 1919, as contended by the defendant. [State v. Hayes, 295 S. W. 791.]

We have examined the record and find the information in approved form and Instruction 1 follows the information and is correct. Finding no reversible error in the case the judgment of the lower court is affirmed. *Davis* and *Cooley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.