STATE OF MISSOURI, Respondent, v. CARL JONES, Appellant.—No. 41032.—214 S. W. (2d) 705.

Division One, November 8, 1948.

*Earl E. Roberts* and *Geo. F. Addison* for appellant.

*J. E. Taylor,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

[705] CONKLING, J.—Appellant-defendant was convicted of burglary in the second degree. After sentence to two years in the penitentiary he appealed. Defendant here makes the single contention that the trial court erred in overruling his motion to suppress certain evidence. It is therefore unnecessary to state record facts not pertinent to the one issue now before us.

On January 20, 1947, defendant was treated in the office of Dr. Wm. Robey in Steelville, Missouri. During the course of that treatment, and in defendant's presence, the doctor opened a locked cabinet and drawer in which he kept narcotics. On the morning of January 21 the doctor discovered his office had been burglarized the previous night, the narcotic cabinet and drawer had been forced open and certain narcotics locked therein the day before were missing. A locked window into his office had obviously been pried open with a window tool or jimmy bar. A section of the window bearing the imprint of a jimmy was removed for examination. It was later photographed, the photograph enlarged and various tests made.

On January 21 defendant was arrested in Salem upon a Crawford County warrant charging the burglary. After his arrest, and while in the Prosecuting Attorney's office in Salem, defendant gave to Highway Patrolman Maloney the keys to his automobile. The car was then standing on the street in Salem. Defendant requested the Patrolman to take the car to the farm of defendant's wife. At the request of Federal Narcotic officers, Maloney held possession of the

car for three days. The first night Maloney casually looked into the car for valuables which might be stolen therefrom, then locked the car, left it all night on the street in Salem and kept the keys in his possession. No search warrant was ever issued to search defendant's car, but the next day Maloney and a deputy sheriff drove the car to a garage, searched it, and seized certain narcotics found therein. As to those narcotics defendant, prior to trial, filed a motion to suppress. That motion was sustained by the trial court.

On January 23, 1947 and after defendant had given bond in Crawford County for his appearance at the trial, he returned [706] to Salem and his counsel requested of Maloney the return of defendant's automobile. Unaccompanied by defendant, Maloney thereupon went to the garage to secure defendant's car for delivery to defendant. For some reason the car keys this time failed to unlock the door of the car. One key, however, unlocked the trunk of the car at the rear thereof. In attempting to go through the trunk and remove a car seat in order to open a car door from the inside, Maloney found a jimmy bar wedged between the spare tire and the inside wall of the trunk. Maloney kept the jimmy bar. From photographic enlargements of imprints made with that jimmy bar by an expert technician of the State Highway Patrol that jimmy bar was found to have been the one used to force open the window leading into Doctor Robey's office. Upon the trial of the case expert testimony tended to establish such fact. The state's testimony was sufficient to make a circumstantial evidence case for the jury.

Upon the trial, and during the Prosecuting Attorney's opening statement to the jury, defendant was first advised that Maloney had seized a jimmy bar found in defendant's car and that the state contended and expected to prove that the jimmy bar so seized was the one used to force open the window into Doctor Robey's office.

Defendant's counsel thereupon filed a motion to suppress evidence as to the jimmy bar upon the ground that the seizure of the jimmy bar violated his constitutional rights and the statute. Evidence was then heard upon the motion and Maloney testified to the facts above noted and further testified that when he found and seized the jimmy bar he was not searching the car but had theretofore found and seized everything he had been "told to search for". The trial court overruled this last motion to suppress. The propriety of that ruling is the only question presented to us on this appeal. Defendant offered no evidence at all.

On January 23, 1947, however, and after defendant had been released upon bond in Crawford County, and after demand had been made by his counsel in Salem, for return of his automobile (which Maloney had retained in his custody instead of taking it to defendant's wife) effort was made by Maloney to effect such delivery. Maloney had retained the car in his possession at the instance and re-

quest of Federal Narcotic Officers who ordered the car held as evidence. The Federal officers later concluded not to file charges and authorized the return of the car. Its return to defendant, or his counsel, had been agreed to by all. But when Maloney went to his own private garage, where he had placed the automobile the day before, the defendant's key failed to unlock the car door. Others called to assist were unable to unlock the door. The trunk was unlocked and Maloney sought to go through the trunk, remove the seat cushions and open the door from the inside of the car. In so doing he found, *and seized and retained,* the jimmy bar.

From the above facts it is apparent that no question of search is involved. At the time the jimmy bar was found and the seizure made, no search was being made. At that time Maloney was merely trying to return the automobile to defendant. He testified: ''Q. You were not making a search of this car at the time you found this instrument (jimmy bar)? A. No, sir, I had already located everything I was told to search for''.

The sole question before us is, therefore, the authority of Maloney to *seize* the jimmy bar, under these circumstances, and use it as evidence to effect defendant's conviction. Was the *seizure* lawful and reasonable?

In Sec. 15 of Article I, of our 1945 Constitution it is provided: ''That the people shall be secure . . . from unreasonable searches and seizures''; etc.

As to the power of search and seizure vested by statute in our State Highway Patrol, it is provided by Mo. R. S. A. § 8362, that: ''The members of the patrol shall not have the right or power of search nor shall they have the right or power of seizure except to take from any person under arrest or about to be arrested deadly [707] or dangerous weapons in the possession of such person.'' That section of the statute is not ambiguous.

The existing right to search and seizure, as now recognized and applied by the courts is in derogation of the constitutional guaranties of the rights of privacy and security of property. Those guaranties are now widely applied by the courts to include automobiles. We recently held in State v. Smith, 357 Mo. 467, 209 S. W. (2d) 138, that the seizure by State Highway Patrolmen, without benefit of search warrant, of a jimmy bar and other tools, stolen typewriters, etc., from an automobile in which defendant was riding when arrested was unlawful and in violation of defendant's constitutional rights. In that case, however, the defendant waived his rights upon the trial.

We see no distinction between personal property which defendant may have left in his home and personal property he may have left in his automobile. If defendant, when arrested, had had personal property of great value in his home in Salem; and if, for additional security of that personal property, defendant, when arrested, had

turned over to a Highway Patrolman the keys to his home; and if, before returning the house keys to defendant, such patrolman, for any reason whatever, had gone into defendant's home and had seized a jimmy bar found therein, could it be successfully contended such seizure was lawful and reasonable? We think not.

That defendant on January 21 had constructively delivered Maloney his car for a particular purpose (which Maloney ignored) did not thereby vest Maloney with any legal right to seize either the car or any personal property therein. Section 8362 cannot be thus circumvented. That statute means what it says. The words of the statute, ''nor shall they have the right or power of seizure except to take from any person under arrest or about to be arrested deadly or dangerous weapons in the possession of such person'', certainly forbid State Highway Patrolmen to exercise any power of seizure under the instant circumstances. In the investigation of the burglary charge against defendant if it had been necessary or expedient to search the car and seize property therein, legal methods of doing so upon search warrant were provided by law and should have been followed.

It follows that the court erred in refusing to sustain defendant's motion to suppress the jimmy bar. The judgment below is reversed and the cause remanded. It is so ordered. All concur.