STATE of Missouri, Respondent,

v.

Carl Lee HUNT, Appellant.

No. 44380.

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

James J. Rankin, St. Louis, for appellant.

John M. Dalton, Atty. Gen., W. Don Kennedy, Asst. Atty. Gen., for respondent.

HYDE, Judge.

Defendant was convicted of buying and receiving stolen goods of a value of over $30.00, knowing the goods to have been stolen, in violation of Sec. 560.270 RSMo and V.A.M.S. Defendant was sentenced to two years in the penitentiary and has appealed.

There is no question as to the sufficiency of the evidence to make a jury case. One Sam Massa testified that he and two other men broke into a hardware store in Farmersville, Illinois, took some shotguns, electric fans and fishing rods and put them in his car. Later that night he was arrested while breaking into another store in Litchfield, Illinois, but his two companions escaped in his car. He said he had sold defendant articles obtained by him in previous burglaries on several occasions and that defendant knew they were stolen. Mrs. Massa testified she told defendant she had some things she wanted him to buy and that Sam had been picked up in Illinois. She said defendant told her to drive the car to his tavern, which she did, and defendant

took some of the articles, gave her fifty dollars and said he would straighten the rest out with Sam. She said she told defendant where the goods came from and how Sam's companions got away when he was picked up. Defendant did not testify or offer any evidence.

The serious question in this case is whether there was prejudicial error in the admission of certain testimony concerning articles, taken by unlawful search and seizure, from the building in which defendant lived and operated a tavern. We have decided that this evidence was inadmissible and that the judgment must be reversed on this ground.

The search was made by St. Louis police officers under a search warrant. Several articles were seized and taken to the police station; and defendant was arrested. Defendant filed a motion to quash search warrant, suppress evidence and for his discharge. This motion stated several grounds upon which it was claimed the search warrant was insufficient, illegal and void and asked the following relief: "Defendant moves the Court to quash the aforementioned Search Warrant and to suppress any and all evidence so obtained at the time of the execution of the aforementioned Search Warrant, and to discharge the defendant under the indictment." The record recites action on this as follows: "Said motion to quash search warrant, suppress evidence and for discharge of defendant was sustained insofar as the motion to quash search warrant and suppress evidence, but not for discharge of defendant." This procedure was in accordance with our Rule 33.03, 42 V.A.M.S. which was in effect at that time.

■ The common law rule was that admissibility of evidence was not affected by the means employed in obtaining it. However, the United States Supreme Court, in Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, followed by Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 and later cases (see 20 Am.Jur. 356, Sec. 395 and 22 C.J.S.,

Criminal Law, § 657, pp. 1025–1031) established the rule of exclusion of evidence obtained by unlawful search and seizure. This rule has been criticized and many states have not adopted it. (See Wigmore on Evidence, 3rd Ed., Secs. 2183–2184 and articles cited p. 11.) However, we adopted the Federal rule in State v. Owens, 302 Mo. 348, 259 S.W. 100, 32 A.L.R. 383. (For recent cases see State v. Clark, Mo.Sup., 259 S.W.2d 813; State v. Cuezze, Mo.Sup., 249 S.W.2d 373; State v. Jones, 358 Mo. 398, 214 S.W.2d 705. This is now the established rule in this State and we have further recognized it in providing the procedure for raising the question in Rule 33.03.

In this case, when the search of defendant's premises was made, the St. Louis police officers were accompanied by several other officers including Sheriff John Morley of Montgomery County, Illinois. In his testimony herein, he was permitted to describe certain articles taken from defendant's premises at that time. Also an employee of the Farmersville store, George L. Trutter, was permitted to testify that he went to the St. Louis police station, where these articles had been taken, and examined them there, and to identify them as articles that had been in the store at Farmersville. Timely objection was made when the State's attorney, in his opening statement, said he would produce this testimony and also during the direct examination of these witnesses.

■ The trial court's view was "that the articles themselves, as such, cannot be used, but testimony pertaining to the articles is permissible." However, the matter has thus been stated in 22 C.J.S., Criminal Law, § 657, p. 1026: "The rule excluding evidence obtained as a result of an illegal search includes oral testimony of facts gathered during the unlawful search." We must hold that under the circumstances of this case the testimony these two witnesses gave pertaining to seeing the articles at the police station was not permissible. The same thing is true of that part of the testimony of Mrs. Massa to the effect that she

went to the police station and identified one of the articles taken by the police as an article she sold to defendant. The search warrant had been declared illegal by the Court and the evidence found under it ordered suppressed and there is no issue on this appeal as to the propriety of this action. Therefore, we are bound by this determination and must consider that these articles were illegally seized and held. Under these circumstances, we must hold that it was just as improper to describe them in evidence as it would have been to offer them in evidence, when the description is made by persons examining them in the custody of the police at the instigation of and at the request of the State. The State relies mainly on State v. Wilkerson, 349 Mo. 205, 159 S.W.2d 794; citing also State v. Hepperman, 349 Mo. 681, 162 S.W. 2d 878 and State v. Steely, 327 Mo. 16, 33 S.W.2d 938. However, in the Wilkerson case, 159 S.W.2d loc. cit. 798, we quoted with approval the statement of Justice Holmes in Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319, that " 'the essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all.' " In the Silverthorne case, papers unlawfully seized, photographed, and ordered returned were thereafter subpoenaed. The Court held that knowledge thus gained by the government's own wrong could not be so used.

 In the Wilkerson case, a conviction for knowingly receiving a stolen automobile was reversed because of testimony by a state officer describing a change of numbers on the motor, observed while the automobile was in the custody of the sheriff after being unlawfully seized. However, it was also held that the testimony of a Special Agent for the Automobile Protective Information Bureau would be admissible when he did not participate in the unlawful search and seizure nor examine the automobile at the instigation of or request of the state and if he

acted on his own initiative. We said this would be true "because the constitutional inhibition against unreasonable search and seizure is a restraint on the state and does not apply to unlawful search and seizure by an individual." State v. Hepperman, supra and State v. Steely, supra, involved such individual activity. The State argues that Sheriff Morley, being an Illinois officer had no other status in Missouri than that of a private citizen. Whether that is true or not, he participated in the unlawful search and seizure with the St. Louis police, which the Wilkerson case makes clear would exclude his testimony. See also State v. Rebasti, 306 Mo. 336, 267 S.W. 858, where the search was made by Federal officers. Likewise, Mr. Trutter and Mrs. Massa went to see the articles at the police station at the instigation of and at the request of the State when they were in the possession of the State as the result of the unlawful search and seizure. Of course, it would have been proper for Mr. Trutter to give a description of any of the articles that were missing after the burglary; and it would likewise have been proper for Mrs. Massa to give a description of any of the articles she delivered to defendant. What was improper was to have them describe and identify articles taken in an unlawful search and seizure which they went to see at the police station at the instigation of and at the request of the State which had no right to use them in evidence because the Court had declared its possession of them unlawful and ordered suppressed all evidence obtained by means of such search.

 It surely would not be contended that, although articles unlawfully seized could not be used, photographs of the articles (taken while so held) could be used. Certainly admission of description and identity of such articles by persons observing them at the instigation of and request of the officers, while so held by them, would be the same in principle. As to this matter, the Supreme Court of Mississippi said in Quan v. State, 185 Miss. 513, 188 So. 568, 569: "We may concede, for the purposes of this case, (1) that everything of

an inanimate or insensate nature seen, or of which knowledge is acquired by or through the use of any of the five senses by the officers or those cooperating with them, during the course of an illegal search, is barred from being received in evidence; and (2) that any statements or conversations heard by the officers during the course of an illegal search, when the speakers were unaware of the presence of the officers or when not intended to be heard by them, are likewise barred. * * * And (3) there is also barred, as a matter of course, any statement made by the accused, although intended to be heard by the officers or those cooperating with them, when such statements have been induced by any means whatever which take away or substantially detract from those statements, that which is requisite to make them free and voluntary." We think this is a good statement of the applicable principles and that they apply to persons accompanying or assisting officers to aid them in such unlawful activities. See also Haynes v. State, 110 Tex.Cr. R. 553, 9 S.W.2d 1043. In the Mississippi case, it was held that a voluntary statement made by defendant during an illegal search was admissible. However, in Nueslein v. District of Columbia, 73 App.D.C. 85, 115 F.2d 690, the Court of Appeals for the District of Columbia held inadmissible even a voluntary statement made during such a search. In this case, there is no such issue involved and we express no opinion on it.

We must hold that this inadmissible evidence was prejudicial under the circumstances of this case. See State v. Clark, supra. However, since this case must be retried we think we should say that the testimony of Sam Massa and Mrs. Massa, concerning selling to defendant, under the same general arrangements, articles stolen in previous burglaries, was properly admitted. We stated the applicable rule in State v. Park, 322 Mo. 69, 16 S.W.2d 30, 33: " 'Evidence of the receipt of other stolen goods by defendant at a time not remote from, and under circumstances connected with, the receipt in question is admissible to show guilty knowledge; and

generally it must be shown that the goods were received from the same person. According to the better rule, it is not necessary to show that the goods were stolen from the same person, since that is not essential in order to show that defendant had notice of the character of the goods; but it must appear that they were received with knowledge that they were stolen, since the only ground on which this evidence is admissible is to show that defendant had been put on his guard as to the questionable nature of his dealings.' "

The judgment is reversed and the cause remanded.

All concur.