**STATE of Missouri, Plaintiff-Respondent,**

v.

**Don G. ANDERSON, Defendant-Appellant.**

**No. 32633.**

St. Louis Court of Appeals.

Missouri.

June 13, 1967.

Motion for Rehearing or to Transfer to Supreme Court denied July 7, 1967.

Stewart & Bruntrager, Raymond A. Bruntrager, Joseph G. Stewart, St. Louis, for defendant-appellant.

Thomas W. Shannon, Lawrence J. Lee, Pros. Attys., William Knox, Allen I. Harris, Asst. Pros. Attys., St. Louis, for plaintiff-respondent.

WOLFE, Judge.

The appellant was convicted of operating a motor vehicle without proper Missouri State license. The vehicle he was operating carried a load in excess of that permitted under the provisions of V.A.M.S. 301.060. The trial was to the court and the defendant was found guilty and his punishment was assessed at $27.50 and costs.

Two days prior to trial the defendant filed a motion to suppress evidence on the grounds that the evidence was obtained by a search and seizure and that the officer arresting the defendant had no warrant

for the defendant's arrest. It is asserted that this was in violation of the Constitution of Missouri and to permit use of said evidence would be compelling him to give testimony against himself.

Coincident with the filing of the motion an agreed statement of facts was filed with the court which was as follows:

"It is agreed and stipulated in the above case that at 4:05 p. m. on March 21, 1966, patrolman Eugene Siewing observed the aforementioned tractor-trailer being operated in the 2600 block of North Broadway, at which time the officer had the driver pull the unit to the curb for a license check.

"It is further agreed that the officer in this matter is a police officer of the City of St. Louis, as defined in Section 302.230.

"The truck at that time was licensed to carry 42,000 lbs. The tractor-trailer was then escorted to the Convent Gardens Scale Service, located at 2601 North Broadway, where the truck was weighted by scale master Sam Kaufer, who reported a total gross weight of 44,750 lbs., some 2,750 lbs. over the weight permitted on the license.

"It is further agreed and stipulated that the driver was at that time issued a summons for exceeding the authorized weight on license by 2,750 lbs.

"In addition to the facts previously stated, the defendant admits the accuracy of the scales and no testimony will be offered in this regard."

It is contended that the court erred in considering evidence obtained through an unlawful search in violation of V.A.M.S. Constitution of 1945, Art. 1, § 15, V.A.M.S. This is the only point raised. The appellant cites us to three cases relating to search: State v. Cuezze, Mo., 249 S.W.2d 373; State v. Hunt, Mo., 280 S.W.2d 37; State v. Reagan, Mo., 328 S.W.2d 26. The first of these cases concerns a search made

of a car in which the defendants were riding. The police made them get out of the car and by search found two pistols under the right front seat. These facts certainly bear no resemblance to the facts here stipulated. The same may be said of the second case for it was the search of a residence for stolen goods.

In the third case, State v. Reagan, supra, a police officer's car was crowded to the curb by a passing panel truck. He followed the truck which stopped at a filling station. The driver of the truck got out and when asked by the police officer why he was driving in the manner in which he had been the driver paid no attention to him. The officer looked into the truck and saw the propeller of an outboard motor protruding from under a rug which covered the motor. He asked the driver what he had under the rug and was told it was an old outboard motor which he was going to sell for $50.00. The officer then asked if he could look at it and when the driver assented the officer opened the rear door of the truck and found a new outboard motor worth about $400 or $500. It had been purchased a week before and stolen from the parked station wagon of its owner. In passing upon defendant's contention that an illegal search had been made of its panel truck the Supreme Court stated, quoting with approval from State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688:

" * * * ' * * * Constitutional guaranties against unreasonable search and seizure apply where seizure is brought about by an unlawful search. Those guaranties are not infringed where the recovery and possession of property theretofore stolen is accomplished *without search* and where such property lies fully disclosed, open to the eye and in plain view. Where the evidence of an unlawful act is discovered by the officer without a search there is no violation of those constitutional guaranties. A search, within the constitutional provisions invoked, basically involves "of

necessity, a quest for, a looking for, or a seeking out of, that which offends against the law. It implies a prying into hidden places for that which is concealed." Observation of that which is open to view is not a search. A search (such as is prohibited by the constitutional provisions invoked) is not made by merely looking at that which can be seen.' * * *"

Applying the foregoing to the facts at hand we have concluded that there was no search, there was no "prying into hidden places for that which is concealed." The truck was driven onto the scale at the request of the officer, the weight of its load registered on the scale and was "fully disclosed, open to the eye and in plain view." There was no search of the truck under such circumstances.

The judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.