STATE of Missouri, Respondent,

v.

Wayne UNDERWOOD, Appellant.

No. 36290.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 12, 1975.

Law Offices of Forriss D. Elliott, Richard A. Fredman, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Wayne Underwood, charged with murder in the first degree of Rickie King, was found guilty by a jury of murder in the second degree and sentenced to the custody of the Department of Corrections for a term of twenty years. He has appealed. We affirm.

Appellant does not challenge the sufficiency of the evidence. We need only relate that a jury reasonably could find from the evidence that on October 31, 1974, appellant, then eighteen years of age, and a former student at Northwest High School in the City of St. Louis, went to the High School and shot Rickie King in the abdomen with a shotgun inflicting a mortal wound.

Appellant first contends that prejudicial error resulted from the failure of the trial court to instruct the jury upon the subject of good character.

Rule 26.02(6), which in substance follows the language of § 546.070(4), RSMo 1969, provides that in all criminal cases the court, whether requested or not, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict, which instruction "shall include whenever necessary the subjects of good character and reasonable doubt." The term "whenever necessary" as used in the statute and rule, "means that such an instruction is necessary only when there is substantial evidence tending to show the good character of the defendant." State v. Moore, 303 S.W.2d 60, 70 (Mo. banc 1957). See also the Notes on Use to MAI–CR 2.50.

The testimony which appellant contends was sufficient to require such instruction is that of the Reverend Mr. Kenneth Whitlock given on direct examination as follows:

Q. And in that capacity, have you ever had occasion to know this young man here?

A. Yes, sir.

Q. How long have you known him?

A. Eight months.

Q. And how did you know him during these eight months?

A. He's a good young man.

Q. How did you know him? Where did you see him?

A. I see him at the services on Saturday and Sunday.

Q. At church?

A. Yes, sir.

Q. On Saturday and Sunday?

A. That's right.

Q. How many Saturday and Sundays?

A. Every one since he's been a member of the Mercy Seat Baptist Church, seven or eight months.

Q. You are referring to every Saturday and Sunday of every week?

A. Yes.

Q. Have you had an opportunity to observe him and associate with him during the period of eight months in the church?

A. Yes, sir.

Q. Do you know his reputation in the community of the church for truthfulness?

A. Yes.

Q. What is that reputation?

A. Good, sir.

Q. Good?

A. Yes, sir.

It is readily apparent that the testimony of Mr. Whitlock went only to appellant's reputation for truthfulness. In *State v. Steely*, 327 Mo. 16, 33 S.W.2d 938 (Mo.1930), in ruling on an assignment of error that the court erred in failing to instruct on good character, the court said: "The only evidence offered as to the reputation of the defendant was as to his truth and veracity. Therefore, the court was not bound to instruct on good character, under [what is now § 546.070, RSMo 1969], as contended by the defendant." See also *State v. Hayes*, 295 S.W. 791 (Mo.1927); and *State v. Williams*, 337 Mo. 884, 87 S.W.2d 175 (Mo.1935).

We note that at trial appellant took a position inconsistent with that taken on this appeal. He now asserts that the testimony quoted above placed in issue his good character. At the trial he objected, and was sustained, to the State offering rebuttal evidence as to his good character because "His reputation of truthfulness was the only thing put into evidence, that's the only testimony from Reverend Whitlock—truthfulness."

Appellant next asserts that prejudicial error resulted when the prosecutor stated in his opening statement that one of the guards at the school who apprehended appellant would testify that appellant said: "I'm tired of him messin' with me. I'm going to get a machine gun and mow them all down." At the time appellant's counsel admitted that he was not claiming that he was not aware of the purported statement, but he was objecting because the statement was "highly inflammatory," there had been "no admission" on behalf of appellant, it was "injected solely to inflame the jury," and it was "not relevant at all."

In argument, appellant asserts that the prosecutor used the term "machine gun" as appellant's own words, but the guard testified that when apprehended appellant said that "when he got out he would get them all." He contends this variance demonstrates bad faith.

A prosecuting attorney may outline by opening statement what he expects to show in evidence, and the trial court is vested with wide discretion in determining whether he acted in good faith in making the statement. *State v. Paige*, 446 S.W.2d 798 (Mo.1969). When made with reasonable grounds to believe the facts stated can be proved, the statement is not improper, *State v. Lindsey*, 333 Mo. 139, 62 S.W.2d 420 (1933), although the facts are not followed up with proof because evidence is either excluded or omitted. *State v. Paige*, supra.

■ It is obvious that the prosecutor expected one of the guards who apprehended appellant to testify to the precise statement he attributed to appellant, and appellant's counsel admitted, or at least did not deny, that he was aware that the statement was supposed to have been made by appellant. There is no indication of bad faith on the part of the prosecutor.

■ As to appellant's claim that the use of the term "machine gun" was "highly prejudicial and inflammatory" and "not relevant at all," we must disagree. First, no such evidence was placed before the jury, but it is clear that the prosecutor expected such testimony. All admissible testimony adverse to an accused in a criminal case may be termed "prejudicial" or "inflammatory" when it tends to establish his guilt, but that alone does not make it improper. Appellant has not demonstrated why the statement would not have been admissible if the witness had so testified, and certainly has not shown that the prosecutor had reason to believe that the statement was not admissible in any event at trial. We find no prejudicial error.

■ Appellant next asserts that it was error for the trial court to overrule his objection to the statement by the prosecutor in his argument to the jury that "if it was not murder, first degree, the state would charge him with murder, second degree." Appellant's counsel said: "I will object to that statement, your Honor. It is improper." He did not present to the trial court the reason now advanced on this appeal, which is that "it is improper for a prosecuting attorney to express to the jury in argument his belief of the defendant's guilt in such a way that it implies knowledge on his part of facts not in evidence pointing to such guilt."

There are several reasons why appellant's contention is without merit. First, the objection was general and did not advise the court why the statement was claimed to be improper, and the reason now advanced was not presented to the trial court. Second, the statement when read in context does not carry the implication attributed to it. The prosecutor had just reviewed the facts of the shooting, and he then said: "Ladies and Gentlemen, under the law, this is murder, first degree. That is why the charge is murder, first degree." He then followed with the statement quoted by appellant. Third, the distinguishing feature between murder, first degree, and murder, second degree, is that the former requires a finding of deliberation. Murder, second degree, is murder absent deliberation. Therefore, the statement could not imply knowledge of "facts not in evidence pointing to such guilt." It was no more than a comment that the evidence established deliberation. Fourth, the jury found appellant guilty of murder, second degree; not first degree. Therefore, it could not in any event be said that the argument was prejudicial.

■ Appellant's final point is that the court erred in "failing to admonish the jury not to converse among themselves, nor to suffer others to converse with them or in their hearing on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."

After the panel of veniremen was sworn, and during the voir dire examination, a recess was taken until the following morning. At that time the trial court said: "Members of the jury: You can anticipate that the court will read to you an instruction, after twelve of you are sworn as jurors in this case, that you are not to discuss this among yourselves or with others, until the case is given to you to decide. Please keep that instruction in mind on your way home and at home this evening." Appellant contends that § 546.230, RSMo 1969, required that the court give the admonishment therein provided for to the veniremen when the recess was taken. We find no merit to appellant's contention of error for at least two reasons.

The material provisions of § 546.230, RSMo 1969, are as follows: " * * * when the jurors are permitted to separate,

after being impaneled as provided for in this chapter, and at each adjournment the court must admonish them \* \* \* ." The requirement is that the *jurors,* not the veniremen, be admonished when permitted to separate and at each adjournment "after being impaneled as provided for in this chapter." "By 'impaneling' the jury is generally meant the process of examining, challenging, passing, and accepting as jurors on the trial of a particular case certain persons of those present for jury service, who have been summoned for such service. The word 'impanel', covers all the steps in ascertaining who shall be the 12 men to sit as jurors in a case, and means the final formation of the jury by the court preceding the oath." 47 Am.Jur.2d, Jury, § 189. Therefore at the time the recess was taken the jury had not been impaneled, and there was no statutory duty to admonish the veniremen as provided in § 546.230.

In addition to the above, at the time the recess was declared the court gave the veniremen an admonishment which was not completely in compliance with the requirements of § 546.230, but perhaps was sufficient, *State v. Harris,* 477 S.W.2d 42 (Mo. 1972), particularly when there is no attempt to demonstrate any misconduct on the part of any juror or prejudice to appellant. *State v. Brown,* 502 S.W.2d 295 (Mo.1973). Appellant interposed no objection to the deficiency of the admonishment, assuming any was required or that the one given was deficient, nor did he request that an admonishment be given which met all the requirements of § 546.230. In these circumstances, if there was a duty to admonish the veniremen when the recess was taken, the failure to do so was waived by appellant.

The judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.