STATE of Missouri, Respondent,

v.

Michael L. WHITE, Appellant.

No. 41276.

Missouri Court of Appeals, Eastern District, Division Three.

April 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Robert C. Babione, Charles H. Mostov, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offenses of robbery first degree and armed criminal action. The jury assessed his punishment at five years for the robbery charge and three years for the armed criminal action charge. The court entered judgment in accordance with the jury's verdict and assessment of punishment and ordered said sentences to run consecutively.

The victim was a cab driver. Defendant entered the victim's car at the Chase Park Plaza Hotel and shortly thereafter pulled a revolver on the victim and indicated that "it was a stickup." The victim gave defendant a ten dollar bill, a five dollar bill, and some change. Defendant ordered the victim to drive to victim's home to get more money. While on the way, the victim saw some police cars waiting at a light at West Florissant and Calvary. The victim started blowing his horn, jumped out of the cab, and told the officers that the man in his car had held him up.

Officer Johnson testified that he placed defendant under arrest and recovered $20.15 in defendant's pocket, consisting of a ten dollar bill, a five dollar bill, and $5.15 in change. He further testified that he saw defendant get out of the car and throw a weapon under the automobile which was seized by Officer Jackson.

Officer Jackson testified that he seized a PPL 380 automatic weapon from under the cab. This weapon was recovered in evidence as Exhibit No. 1.

■ Defendant's first two points refer to questions relating to defendant's possession of a gun at a time other than at the time of the offense charged. He first contends that the trial court erred in failing to grant a mistrial when prosecuting attorney "asked Defendant whether he had a gun at another location four days prior to the robbery for which he was on trial as said question goes beyond the scope of proper cross examination, was improper impeachment and was improper and highly prejudicial evidence of prior criminal behavior for which no conviction resulted. . . ."

On direct examination defendant denied that he had a gun with him on the date of the alleged offense. On cross-examination, defendant stated that he did not own a gun and that State's Exhibit No. 1 was not his gun. Further, he testified that he had never owned a gun that was similar to State's Exhibit No. 1. The prosecuting attorney then asked: "Isn't it a fact that you had a gun similar to that gun [State's Exhibit No. 1] four days before that [May 5, 1978, the day of the robbery]? Before defendant could answer, defense attorney objected to the question and moved for a mistrial. The court sustained the objection, instructed the jury to disregard it, and denied the mistrial. The questioning then continued:

Q. Mr. White, is it your testimony you did not have this gun in your possession on May the 5th, 1978?

A. Yes.

Q. You did not?

A. No.

Q. Did you have a gun similar to this in your possession on May the 5th, 1978?

A. No.

Q. Did you have a gun, any gun similar to this in your possession prior to May the 5th, 1978?

A. No.

Q. Did you have a gun similar to that in your possession on May the 1st, 1978?

A. No.

Q. Did you have a gun similar to that in your—?

At this time defendant again objected. A discussion was conducted outside the hearing of the jury and thereafter the court overruled defendant's objection. The following questioning ensued:

Q. (By Mr. Hoag) It is your testimony on May the 1st, 1978, you did not have a gun in your possession similar to that? [State's Exhibit No. 1]

A. Yes.

Q. Is it your further testimony you did not have a gun similar to that at 4903 Goodfellow, at approximately 10:30 p. m.?

A. Yes. . . .

Q. You did not have a gun in your possession at that time, 10:30 p. m., at 4903 Goodfellow?

A. I did not.

Q. 4903 Goodfellow, which is a Shell Service Station, you did not have a gun similar to that in your possession?

A. I did not.

■ Defendant's sole ground for objection was that the questions were evidence of other criminal activity. Defendant's other complaints which he has raised here on appeal were not stated at the time of the objection. On appeal, a defendant may not broaden the scope of his trial objections. *State v. Williams*, 575 S.W.2d 838, 840 (Mo. App.1978). We therefore examine only defendant's contention that the questions asked as to his possession of a similar weapon at another time constituted evidence of other criminal activity. We recognize that proof of commission of a separate and distinct crime is not admissible unless such proof has a legitimate tendency to directly establish defendant's guilt or comes within one of several exceptions. *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967); *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954). It is not a crime to possess a gun and we cannot say that a question

asking if the defendant was in possession of a gun four days prior to the offense for which he was charged constitutes evidence of another crime. This point is without merit.

■ Defendant next contends that the court erred in permitting the state to produce the rebuttal testimony of Lamont Williams because it was improper impeachment evidence and was evidence of another crime. Williams testified that he saw defendant with a gun at the Shell Service Station where he worked at 10:30 p. m. Defendant's attorney did not object to any specific questions asked of Williams. His only objection was that the testimony constituted evidence of another crime. Because we addressed this issue under the previous point, we need not discuss it here. We believe that the evidence was proper rebuttal. A police officer saw defendant throw a weapon under the car. State's Exhibit No. 1 was found under the car. Defendant denied the possession of a gun on the night of the crime May 5th. He denied any knowledge of State's Exhibit No. 1. Further, he denied having a similar weapon in his possession May 1. Witness Williams testified that he saw defendant on the night of May 1 at the Shell Service Station with a gun in his possession. He identified State's Exhibit No. 1 as the gun which defendant possessed. This was proper rebuttal. The jury could not reasonably have inferred from the state's rebuttal evidence that appellant had been involved in prior criminal activity. See State v. Whitt, 592 S.W.2d 316, 317 (Mo.App.1979). Because this was proper rebuttal,[1] we find no error here.

■ Defendant finally contends that the court erred in failing to grant a mistrial because the prosecuting attorney told the jury in the opening statement that defendant planned to take the victim to the victim's house and have sexual intercourse with his wife. Defendant claims that evidence relating to this statement was ex-

cluded at the trial and the state knew or should have known that it would be so excluded. The only portion of the opening statement in the record is the following:

Mr. Hoag: The state's evidence will further show a conversation ensued, the defendant wasn't happy with the amount of money he had, and he asked Mr. Kranz if he had some money at home. The conversation ensued when Mr. Kranz said he did, and in addition a color T.V. was mentioned, and the defendant ordered him to drive to his house, which was in Spanish Lake, and he indicated at that time he was going to perform an act of sexual intercourse with his wife.

No objection was made at the time of the opening statement, but at the end of the defendant's case defendant asked for a mistrial because of the failure of the state to connect that portion of the state's opening statement relating to the proposed sexual intercourse with the victim's wife.

Initially, we note that defendant was charged with the offense of sodomy on the victim as well as those charges of which he was convicted. The jury acquitted him of the charge of sodomy. The state asked the victim: "Was there any conversation with respect to your wife; about your wife?" The defendant's attorney objected claiming the question was leading and the court sustained the objection. The state therefore did not produce any testimony as to the comment of the proposed sexual intercourse with victim's wife.

■ When the prosecuting attorney has reasonable grounds to believe that the facts stated in his opening statement can be proved, such statement is not improper, although the facts are not followed with proof because the evidence is either excluded or omitted. State v. Underwood, 530 S.W.2d 261, 263 (Mo.App.1975). The trial court is vested with wide discretion in determining whether prosecuting attorney acted in good faith in making the statement. Id. Defendant admits that he was

---

1. We note that at the time of his objection to the cross-examination of defendant, defense counsel said: "If Mr. Hoag has rebuttal evidence, he could bring in rebuttal as to gun ownership or someone who saw him with a gun."

furnished the police report which included a statement by victim that defendant made the complained of statement to him. We find no evidence of bad faith. If the victim had testified as to what the defendant had said, such evidence would have been admissible as part of the "res gestae." Regardless, defendant's failure to object at the first opportunity constituted a waiver. This point also is without merit.

Subsequent to the filing of the briefs in this case the Supreme Court determined that convictions of robbery first degree with a dangerous and deadly weapon and armed criminal action violated the prohibition against double jeopardy. *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980). Therefore, we are compelled to reverse defendant's conviction of the offense of armed criminal action.

The conviction and judgment is reversed outright with respect to Count III, armed criminal action. The conviction and judgment in Count II, robbery first degree, is affirmed.

DOWD, P. J., and CRIST, J., concur.