STATE of Missouri, Plaintiff-Respondent,

v.

Andrew Ricky HARRIS,
Defendant-Appellant.

No. 37405.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 3, 1976.

James C. Jones, Asst. Public Defender, St. Louis, Mo., for defendant-appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant was convicted of robbery in the first degree and sentenced to five years in the custody of the Department of Corrections. In this appeal, he contends that insufficient evidence of the crime was produced at trial and that his opportunity for a fair trial was prejudiced by the improper admission into evidence of (1) testimony of the amount taken from the service station absent the admission of the business records

of the station, (2) the money found on defendant when he was arrested, and (3) rebuttal testimony of the distance between the scene of the crime and that of defendant's alibi address. We have carefully studied the record and concluded that the judgment should be affirmed.

■ Defendant has questioned the sufficiency of the evidence. Our review of this point is limited to determining whether the state presented sufficient evidence to make a submissible case. *State v. Gamache,* 519 S.W.2d 34, 39[1] (Mo.App.1975). We have reviewed the transcript and find that the state has sustained its burden of proof.

On October 24, 1974, at approximately 6:30 p. m., $120.00 was stolen from a service station at 6050 Goodfellow in the City of St. Louis. Two key witnesses testified for the state. The service station attendant, who was on duty during the robbery, testified that defendant approached the station at approximately 6:30 p. m. The attendant went to wait on him in the office. Defendant asked for change for a $20 bill for the cigarette machine. The attendant refused to get the change but did point out the cigarette machine. Defendant then pulled a gun stating that this was a robbery. The attendant handed over the cash register key. Defendant took most of the bills which were in the cash register and ran out the door, down Switzer Avenue and around the corner onto Oxford. The other key witness had just gotten into his car on the same block of Oxford at that time. He testified that he saw defendant running up the street holding money. Defendant jumped into a car which was driven by another man. This witness saw the car pull away and got the license number. He then drove to the service station, found it had been robbed, and proceeded after defendant's car. He encountered policemen after about three miles. They stopped defendant's car and arrested him and his companion. Other evidence admitted was a gun in a holster found in the glove compartment of the car, $56.00 found in the car under the defendant's seat, and $56.00 which the police found in defendant's pocket and seized

when he got out of the car. The attendant and the other witness positively identified defendant at the trial. They also identified defendant immediately after he was taken into custody though he was then wearing some different top clothing.

■ Defendant presented alibi evidence and took the stand to declare his innocence. He asserts the fact that he was wearing different clothes when arrested than those the robber was described as wearing was inconsistent with his guilt and therefore requires his release. But evidence was presented that defendant may have changed his clothes while in the car. The effect of contradictions and inconsistencies in the evidence are questions for the jury. *State v. Turnbough,* 497 S.W.2d 856, 858[5] (Mo.App.1973). There was substantial evidence supporting the verdict.

■ Defendant's second point of error is not properly preserved because it was not called to the attention of the trial court as a ground or reason for the objection. *State v. Jones,* 515 S.W.2d 504, 506[3, 4] (Mo. 1974). Defendant contends the testimony concerning the amount of money stolen was improperly admitted because the best evidence, the business record, was not produced. Defendant's only objection at trial was that no proper foundation was laid for the evidence of the amount stolen. The point is therefore waived. In this connection, however, such a contention properly preserved has been held lacking in merit. *State v. Berns,* 502 S.W.2d 364, 369[6] (Mo.1973).

■ Defendants contends that no clear connection was shown between the money found on him or under his car seat when he was arrested and the money taken in the robbery. As circumstantial evidence, with the close time element and similarity in the amounts of the money found with that taken, the amount of the money seized is relevant. *State v. Britt,* 504 S.W.2d 38, 42[4] (Mo.1973). This point was correctly decided by the trial court.

■ Finally, defendant contends that improper rebuttal testimony was admitted. Any competent testimony that tends to ex-

plain, counteract, repel, or disprove evidence offered by defendant may be offered in rebuttal of defendant's testimony. *State v. Williams,* 442 S.W.2d 61, 65[7–9] (Mo. 1968). Testimony of the distance between the alibi address and that of the robbery easily fits into this category. The extent and nature of rebuttal testimony is within the sound discretion of the trial court. *State v. Adams,* 465 S.W.2d 536, 540[4] (Mo. 1971); *State v. Kirk,* 510 S.W.2d 196, 199 [4, 5] (Mo.App.1974). We find no abuse of discretion.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.