STATE of Missouri,
Plaintiff-Respondent,

v.

Ahmad Ali KHAJEHNOURI,
Defendant-Appellant.

No. KCD 29668.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Carl F. Sapp, Sapp, Woods & Orr, Columbia, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Stanley H. Robinson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals his conviction on two counts of forgery. The defendant is a citizen of Iran, and the trial was conducted with an interpreter because of the defendant's limited understanding of the English language.

The defendant urges that the trial court erred in permitting an expert witness to testify on rebuttal with respect to a comparison of handwriting samples of the defendant made during cross-examination and the handwriting on the forged checks.

The sufficiency of the evidence is not in question. The evidence developed the fol-

lowing facts. The owner of some printed checks bearing the name James Ely testified that two numbered checks were lost or stolen and that the signatures appearing on the two checks were not the signature of either James Ely or his wife. Two employees of a grocery store testified that the two numbered checks on the Ely account were cashed on separate occasions in the grocery store. The first employee knew the defendant as a regular customer and paid no attention to the name written on the check, the check being signed in his presence by someone he was familiar with. The other employee was not sure whether the check was signed in his presence, but he saw the defendant in the store approximately a month later and recognized him as the person who had presented the Ely check which had been returned by the bank. The employee then notified the police.

The State also offered the evidence of a handwriting expert who testified in the case in chief that the handwriting on the Ely checks was most probably the handwriting of the person who gave exemplars. The exemplars were identified as samples defendant gave the police. During the cross-examination of the defendant, the State obtained two handwriting samples of the defendant. After the defendant's testimony and after the close of the defendant's case, the State offered the handwriting expert as a rebuttal witness. The expert stated that his opinion based on the samples would have to be a qualified one since he did not have the time or the equipment to make a complete examination. He further testified that there were features of the handwriting which appeared on both the forged checks and the handwriting samples of the defendant obtained on cross-examination and that there were no major inconsistencies. The defendant objected on the grounds that it was improper rebuttal and constituted an invasion of the province of the jury because of the qualified nature of the expert's opinion.

■ Defendant's first ground for objection is that the expert evidence was not proper rebuttal. The defendant's claim of error must be rejected. The nature and extent of rebuttal evidence is within the sound discretion of the trial court. *State v. Parker*, 543 S.W.2d 236 (Mo.App.1976); *State v. Harris*, 539 S.W.2d 793 (Mo.App. 1976). Although the testimony in question involved an exhibit which was obtained by the State, it should be noted that it was obtained on cross-examination of the defendant. Clearly, testimony of the defendant, whether on direct or cross-examination can be the proper subject of rebuttal by the State. *State v. Williams*, 442 S.W.2d 61 (Mo. banc 1968) (overruled on other grounds); *State v. Kirk*, 510 S.W.2d 196 (Mo.App.1974). The handwriting sample was merely an extension of the defendant's testimony elicited on cross-examination. In addition to the writing sample itself, there was testimony from which the jury could infer that there were differences between the checks and the in-court sample. The defendant testified on cross-examination that "This is my handwriting but this is not." The testimony of the expert was proper rebuttal because it was used to explain or counteract evidence which had arisen during the cross-examination of the defendant. *State v. Williams, supra* ; *State v. Hoyel*, 534 S.W.2d 266 (Mo.App.1975).

■ Defendant's second claim of error concerning the qualified nature of the expert testimony must likewise be denied. The defendant never challenged the witness' qualifications as a handwriting expert. He did not cease to be an expert merely because the second observation of samples was made out of the laboratory. The expert's testimony met the test of expertise in that it was capable of being helpful to the jury. *Parlow v. Dan Hamm Drayage Company*, 391 S.W.2d 315, 326 (Mo.1965). The testimony gave the jury aid in knowing what to look for when comparing the various handwriting samples. The defendant cites *Galovich v. Hertz Corporation*, 513 S.W.2d 325 (Mo.1974), to support his argument that because the expert qualified his opinion he should have been disqualified as an expert. That case is not supportive of this argument since the court in *Galovich*

found that the use of the term "suspicious" in an answer of an expert did not render that testimony inadmissible. The court found the use of the word, suspicious, in light of the whole testimony of the expert, was an expression of his opinion, based upon his knowledge as a physician. *Galovich v. Hertz Corporation, supra* at 335. In *State v. Granberry*, 530 S.W.2d 714 (Mo. App.1975), the expert witness was asked if he could determine the age of a fingerprint. The witness responded that he could give an "educated guess" but in later testimony went on to qualify that answer by stating that he could give an opinion as to whether the prints were fresh or old. On appeal, the admission of this testimony was upheld, ". . . we must examine his testimony as a whole to determine whether the witness intended to express an opinion or a judgment rather than a mere guess." (Citations omitted). *State v. Granberry, supra* at 729. The record in this case indicates that the expert was not expressing a mere guess, but was only qualifying his expert observations. After qualifying his answer, the witness went on to give the factual grounds on which he was basing his opinion, that there were consistencies between the samples, and no major inconsistencies. Clearly, his answers were not so speculative as to invade the province of the jury. The qualifications placed by the expert on his rebuttal testimony went to the weight of the evidence, not its admissibility. *Harp v. Illinois Central R. Co.*, 370 S.W.2d 387 (Mo. 1963); *Leathers v. Sikeston Coca-Cola Bottling Co.*, 286 S.W.2d 393, 396 (Mo.App. 1956).

Judgment of conviction is affirmed.

All concur.