STATE of Missouri, Plaintiff–Respondent,

v.

Marlon PAYNE, Defendant–Appellant.

No. 40983.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 21, 1980.

Robert C. Babione, Public Defender, John Putzel, Asst. Public Defender, St. Louis, for defendant–appellant.

John D. Ashcroft, Atty. Gen., Paul Robt. Otto, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

DOWD, Presiding Judge.

Marlon Payne, defendant herein, appeals from his conviction of robbery first degree and armed criminal action. A jury assessed his punishment at five years and three years imprisonment, terms to run concurrently.

We reverse the armed criminal action conviction as mandated by *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) *(Sours II)*. We affirm the conviction of robbery first degree.

The evidence indicates that D. L. Adams picked up the defendant and two other males in his taxi. Adams drove the three men to a location in the City of St. Louis where they instructed him to stop the cab. One of the three men got out of the cab leaving some money with the two remaining passengers. Adams informed the two passengers that they owed him $3.95. Each of them gave him $1.32 and a discussion ensued concerning the amount owed. Subsequently one of the remaining passengers later identified as Marlon Payne, the defendant, got out of the cab, pulled out a gun and demanded that Adams give him "that money". Adams gave the gunman $2.64 and was attempting to drive away when the defendant instructed him not to move or he would "blow (Adam's) head off." At that moment a police car rounded the corner and arrested the defendant who was running from the scene. The arresting officer confiscated the defendant's clothing and $3.39 from his person.

Defendant complains in his sole point on appeal that the trial court erred in allowing the $3.39 to be admitted into evidence. It is defendant's position that because the taxi driver did not identify the money as that which was taken from him it was error to admit the money into evidence. Defendant claims that this error prejudiced him in the eyes of the jury because it necessarily inferred that the money seized from him was that taken in the robbery.

We agree with defendant that mere possession of a quantity of money is not relevant to the issue of whether defendant stole the money. *State v. Ball*, 339 S.W.2d 783, 786 (Mo. banc 1960). In a case such as the one we are presented with here, however, where there is a short period of time between the commission of the crime and arrest, and the amount of money taken from the victim is similar to the amount of money found in the defendant's possession at the time of arrest, evidence of the amount seized is relevant, and, therefore, admissible. *State v. Harris*, 539 S.W.2d 793, 794 (Mo.App.1976); *State v. Britt*, 504 S.W.2d 38, 42 (Mo.1974). We find no error in the admission of the money into evidence. In any event, the alleged error could have only been harmless in light of the overwhelming weight of the evidence. *State v. Epperson*, 571 S.W.2d 260, 268 (Mo. banc 1978). Defendant's claim of error is without merit.

The armed criminal action is reversed. The conviction of robbery first degree is affirmed.

REINHARD and CRIST, JJ., concur.