STATE of Missouri, Respondent,

v.

**Wallace D. COUNSELMAN, Jr., Appellant.**

No. 41088.

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application to Transfer Denied Sept. 9, 1980.

C. Clifford Schwartz, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Courtney Goodman, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Senior Judge.

In this jury-waived case the trial court found defendant Wallace Counselman guilty of first degree robbery and armed criminal action and sentenced him to imprisonment for concurrent eight and three year terms.

Defendant first challenges the evidentiary sufficiency to show the statutory element of putting the victim in fear.[1]

We summarize the evidence. Defendant entered a restaurant, announced to the manager Wesley Bradley that his aim was robbery and pulled a loaded revolver from his pocket. When Bradley saw the weapon he "decided to go along". Defendant showed his gun to employees and on his order Bradley got money from a safe and cash registers, put it in a bank bag and ordered the employees into a walk-in cooler. Defendant held his gun to Bradley's head and guided him out the door. Meanwhile, a

departing customer had told police a robbery was in progress; they were waiting for defendant at the door and ordered him to drop his gun. Defendant threatened to shoot Bradley, but finally yielded and threw down his gun.

Defendant testified the state's testimony was correct so far as he recalled, and gave a history of drug abuse extending to the time of the robbery.

Defendant cites portions of the victim's testimony that he was not scared and felt no harm would come to him. He relies on *State v. Tidwell*, 500 S.W.2d 329[6, 7] (Mo. App.1973), to support his contention there was no evidence showing the necessary element of the victim's fear. That case held that although the victim said he was not personally afraid when he gave his money to the defendant at gun-point, "there could be no merit in the contention that the victim was not motivated by fear". Defendant also cites *State v. Keeney*, 425 S.W.2d 85[1, 2] (Mo.1968), which we find support the state, not defendant. The court there held that the victim's fear need not be expressly shown but may be presumed from evidence showing reasonable grounds therefor.

We deny defendant's primary point and consider his double jeopardy contention, arising from dual convictions for robbery and armed criminal action. We originally denied that contention in accord with *State v. Valentine*, 584 S.W.2d 92[6] (Mo.banc 1979), and on January 8, 1980 we handed down our opinion affirming the judgment sentencing defendant to imprisonment for concurrent terms of eight years for first degree robbery and three years for armed criminal action. Then, on January 15, 1980 our supreme court reversed *Valentine* and held in *Sours v. State*, 593 S.W.2d 208, where, as here, movant had been convicted of first degree robbery and armed criminal action, and on the ground of double jeopardy the supreme court reversed that part of the *Sours* judgment convicting the movant of armed criminal action. So it is here.

---

1. Sections 569.010 and .020, L.1977, which became effective after this offense, omit the express element of "putting in fear"; now it suffices to show that in overcoming the victim's resistance defendant was armed with a deadly weapon.

Defendant has now moved for a rehearing. We order that denied but on our own motion we withdraw our original opinion. We now affirm the judgment convicting defendant of first degree robbery and sentencing him to eight years imprisonment therefor, but we reverse that part of the judgment convicting defendant of armed criminal action and sentencing him to a concurrent term of three years imprisonment for armed criminal action.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.