**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bobby Joe McGEE, Defendant-Appellant.**

**No. 40082.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 1, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 20, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Karl F. Lang, Lang & O'Keefe, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Peter T. Sadowski, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant Bobby Joe McGee was convicted of assault with intent to do great bodily harm without malice, § 559.190, RSMo 1969, and armed criminal action, § 559.225, RSMo Supp.1976. He was sentenced to terms of five and three years' imprisonment to be served consecutively.

On appeal he alleges the trial court erred because it: (1) denied his motion for a judgment of acquittal for lack of a submissible case; (2) subjected him to double jeopardy in overruling his motion to dismiss the armed criminal action charge; (3) refused to give to the jury alibi instruction MAI–CR 3.22 requested by him; and (4) allowed into evidence testimony concerning blood stains and a knife found in his automobile, neither having been shown to be connected with the assault.

Reversed as to the armed criminal action conviction because appellant was subjected to double jeopardy; reversed and remanded as to the assault conviction because the trial court's refusal to give the alibi instruction requested by appellant was prejudicial error.

The victim was walking from a bar to her home in South St. Louis when she was assaulted by a man who forced her into the car he was driving by threatening her with a knife and cutting her hands. He then drove off with her. When the car slowed for an intersection the victim opened the door, started to get out, but was held in the car by her assailant while the car moved along with her feet dragging on the ground. The driver finally stopped the automobile, the victim fell to the ground and her assailant stood over her threatening her with a knife if she did not get back in the car. He then stabbed the victim in the chest and side as she fought against being dragged back into the car.

Two men in another automobile had seen the victim hanging out of the car, followed it until it stopped, then drove up and stopped about thirty feet behind it. As the two men started to approach the scene on foot, the assailant re-entered his car and drove off, leaving his victim lying on the ground. One of the witnesses obtained the license number.

A license check revealed appellant's father owned the vehicle. Appellant had been driving it at the time of the assault and was arrested for the crime. He was positively identified by the victim as her assailant. Appellant's defense was alibi. He claimed to have been at the River's Edge tavern in Fenton and there was evidence to support his claim. The trial and conviction followed.

Appellant argues the trial court erred in denying his motion for a judgment of acquittal because the state failed to make a submissible case.

■ In determining whether a submissible criminal case has been made, an appellate court considers as true the evidence and reasonable inferences most favorable to the state and disregards evidence and inferences to the contrary. *State v. Franco,* 544 S.W.2d 533, 534[1–4] (Mo. banc 1976); *State v. Longmeyer,* 566 S.W.2d 496, 499[1–8] (Mo.App.1978).

■ The positive identification of appellant by the victim, and the recording of the license number of appellant's car by a witness, constituted substantial evidence from which the jury could have found appellant guilty. It is true that conflicting descriptions of appellant and his automobile were

testified to by witnesses. But the weight to be given this testimony was for the jury. *State v. Brager*, 497 S.W.2d 181, 182[2] (Mo. 1973); *State v. Tilley*, 569 S.W.2d 346[2, 3] (Mo.App.1978). There was sufficient evidence when considered in the light most favorable to the state to make a submissible case. *State v. Franco, State v. Longmeyer, supra.*

■ Appellant next claims he was placed in double jeopardy in violation of his common law and Fifth Amendment rights because he was convicted of both assault with intent to do great bodily harm without malice [1] and armed criminal action.[2] This point is well taken.

The conviction for armed criminal action required that the appellant first be found guilty of the offense of assault with intent to do great bodily harm without malice and, second, be found to have committed the crime with a knife. All of the elements of the underlying felony had to be proved in order to find appellant guilty of the offense of armed criminal action. Therefore, he was subjected to double jeopardy for the same offense. *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980). See also *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980). In *Sours* the supreme court found that armed criminal action and the underlying felony, in that case robbery in the first degree, were the same offense for double jeopardy purposes, specifically overruling, on this point, *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), cert. denied 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), which is relied upon by the state in its brief.

The supreme court in *Sours* followed *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) reversing *Harris v. State*, 555 P.2d 76 (Okl.Cr.App.1976). The court interpreted *Harris* as requiring a finding that armed criminal action under the statute and the underlying felony, even though it violated a different statute, constitute only one offense and not two.

In *Sours* the state was required to prove all of the elements of robbery first degree

in order to prove the defendant guilty of armed criminal action. Similarly, in the case under review, it was necessary to prove all of the elements of intent to do great bodily harm in order to prove armed criminal action. Therefore, the conviction for armed criminal action must be reversed.

■ Appellant next contends the trial court erred in refusing to give to the jury alibi Instruction No. "A" requested by him in the form set out as MAI–CR 3.22:

### INSTRUCTION NO. "A"

(In pertinent part. The first two paragraphs are the same as those in MAI–CR 3.20 given by the court and quoted below.)

"2. If the defendant was at the River's Edge Lounge, 4 Gravois Road, Fenton, Missouri, 63026, at the time the alleged offense was committed or if you do not find and believe from the evidence beyond a reasonable doubt that the defendant was present at the time and place the offense is alleged to have been committed, then you must find the defendant not guilty."

Instead, the court gave MAI–CR 3.20:

### "INSTRUCTION NO. 11

One of the issues in this case is whether the defendant was present at the time and place the offenses are alleged to have been committed. On that issue you are instructed as follows:

1. The state has the burden of proving beyond a reasonable doubt that the defendant was present at the time and place the offenses are alleged to have been committed.

2. If the evidence in this case leaves in your mind a reasonable doubt regarding the defendant's presence at the time and place the offenses are alleged to have been committed, then you must find the defendant not guilty."

The trial court erred in refusing to give the alibi instruction requested by appellant, the error was prejudicial, and the cause

1. § 559.190, RSMo 1969.

2. § 559.225, RSMo Supp.1976.

must be reversed and remanded for a new trial on the assault charge.

■ MAI–CR 3.20 must be given, if requested in the manner provided in Rule 28.02, formerly 20.02, unless MAI–CR 3.22 is requested by a defendant.[3] By requesting MAI–CR 3.22 a defendant submits to the jury in a positive way that he was at a specific place other than the scene of the crime at the time the crime was committed. Notes on Use 2, Instruction MAI–CR 3.22.[4] A defendant accepts the risk of the burden of proof of his alibi when he requests this affirmative type submission. This the appellant attempted to do here.

The affirmative submission was supported by the evidence. The victim's testimony was that the attack occurred sometime before 10:20 p. m. and ended at approximately that time. The police report showed the attack occurring at 10:30 p. m. Witness Bohnert's testimony placed appellant at the River's Edge Lounge in Fenton at 10:45 p. m. and the appellant said that he left River's Edge at 10:50 p. m. to drive to the Hee Haw Club in South St. Louis.

The purpose of having the two alibi instructions is to allow a defendant to choose to submit the one designating a specific place, and to take the risk of proving that he was at the designated alibi place when the crime was committed, not at the scene of the crime. Appellant had the right to request MAI–CR 3.22 under the evidence.

■ The choice of which instruction to give is committed to the defense and not the trial court. It was appellant's prerogative to submit the case to the jury so as to focus its attention on the testimony placing

appellant at the Fenton tavern at the time of the assault. The refusal of the MAI–CR 3.22 instruction prevented the appellant from directing the jury's attention to the evidence he felt bolstered his case the most. Under the pattern instructions he is permitted to take the risk of the burden of proof. The refusal was therefore error.

To find the error harmless would render the Notes on Use of the two instructions meaningless by permitting the trial court, rather than the appellant, to decide which instruction to give, even though there is evidence to support the giving of MAI–CR 3.22. No cases have been cited by either party and none have been found which rule on this specific point. It is difficult to conceive of a case, however, in which MAI–CR 3.20, the general alibi instruction, would not adequately instruct the jury even when there is substantial evidence of the defendant's presence at a specific place other than the scene of the crime. Therefore, to give meaning to the two alibi instructions and the Notes on Use as promulgated by the supreme court it is necessary to find that the trial court's refusal to give Instruction MAI–CR 3.22 was prejudicially erroneous.

The state argues that the appellant could have been en route from Fenton to the Hee Haw Club at the time of the attack instead of at River's Edge. If so, the state concludes, Instruction No. A placing appellant definitely at River's Edge at the time of the crime would have been erroneous. The evidence as to times was conflicting but the earliest time of arrival at the Hee Haw Club in the testimony was 10:50 p. m. According to the victim the assault began at approxi-

---

3. Notes on Use 1, Instruction MAI–CR 3.20.

4. Notes on Use, Instruction MAI–CR 3.22:
   "Notes on Use
   1. See Notes on Use under MAI–CR 3.20.
   2. The difference between this instruction and MAI–CR 3.20 is the first part of paragraph 2. This instruction would be reversible error if given without a specific request for it from the defendant, since the first half of paragraph 2 may be construed as placing the burden of proving the defense on the defendant. State v. Taylor, 118 Mo. 153, 24 S.W. 449 (1893).

But a defendant may wish to ignore the burden of proof implicit in an affirmative type of submission. He may wish to request this instruction so as to submit in a positive way that he was, say, in Kansas City and not in St. Louis where the crime was committed—rather than having the jury be told in a negative manner that it cannot convict unless it finds that he was in St. Louis. Compare, for example, the alternative forms of converses in MAI–CIVIL."

mately 10:10 p. m. and ended at approximately 10:20 p. m., although the police report, hearsay evidence, placed the time at 10:30 p. m. Appellant testified the time required to drive from River's Edge to the Hee Haw Club was twenty to twenty-five minutes. To arrive at the Hee Haw Club at 10:50 p. m., therefore, he could have left River's Edge no earlier than 10:25 p. m., after the assault had already occurred or was in progress. There was no substantial evidence that appellant was en route from River's Edge at the time of the crime.

The state relies on *State v. Reynolds*, 517 S.W.2d 182 (Mo.App.1974) to support its contention that the refusal to give appellant's Instruction No. "A" was not prejudicial error. *Reynolds* was submitted prior to the effective date of the MAI–CR instructions, and although the logic of *Reynolds* might be found applicable here, the Supreme Court Rules and Notes on Use of the MAI–CR Instructions must be followed.

Finally, appellant claims that the trial court erred in admitting into evidence testimony concerning bloodstains found in his father's car and a knife which was found in the trunk of the automobile. This point has not been preserved for appellate review because no proper objection was made when the evidence was introduced and will not be addressed on this appeal. The problem may not arise in the same manner upon retrial.

The judgment of conviction of armed criminal action is reversed; the judgment of conviction of assault with intent to do great bodily harm without malice is reversed and remanded for a new trial.

KELLY, P. J., and STEWART, J., concur.