William BROWN, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31499.

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied
Dec. 15, 1980.

Stanley L. Morris, Kansas City, for movant–appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

William Brown filed a motion under Rule 27.26 to vacate sentences imposed following a plea of guilty. The trial court granted partial relief by vacating the sentence imposed, and resentenced Brown to the terms originally agreed upon after a plea bargain.

Brown appeals and contends the court erred in failing to vacate the sentence entirely because he was entitled to withdraw his guilty plea when the plea bargain was not honored by the court. Reversed.

William Brown entered a plea of guilty to robbery in the first degree and to armed criminal action. During that plea Brown was interrogated both by his counsel and by the court to demonstrate that the plea was voluntarily and intelligently made. No complaint is made on this appeal that the plea was not in fact voluntarily, intelligently and knowingly made. During that hearing Brown freely admitted a robbery by use of a knife. Brown's attorney brought out from Brown that a plea bargain had been entered into by which he was to receive a sentence of eight years on the armed robbery count and four years on the armed criminal action count with the sentences to run consecutively. The plea bargain was based upon the agreement that Brown would observe three conditions while he was free on bond pending sentencing. These were that he would commit no criminal offenses, that he would not contact the State's witness and that he would appear on the day set for sentencing. Thereafter, Brown's counsel asked:

Q. So, you understand that if you don't abide by those three conditions, then the Judge is not committed to anything; he can give you two life sentences if he wants to, you understand that?

A. Yes.

Thereafter, on cross–examination by the prosecutor, Brown acknowledged that he accepted the conditions and that he realized if he violated any of the conditions he could possibly get two consecutive life sentences. Later, the court asked the following questions with the responses by Brown:

Q. If you commit any one of those three conditions, then my commitment is off and I can give you anything I want to, up to two consecutive life sentences. You understand that?

A. Yes.

Q. Now you're pleading guilty for two reasons. One, you did commit the robbery, using the robbery, using a knife, like you're charged with, didn't you?

A. Yes.

Q. And you are also pleading guilty because you know what I'm going to do to you?

A. Yes.

Q. And that includes the conditions that I have attached—

A. Yes.

Q. —which we have just talked about, do you understand that—don't you? It's all part of the same package. I've made a commitment to you as long as you keep your commitment to me; that is, that you show up, you don't commit any more criminal offenses and you don't contact Beverly A. Hwange. Okay?

A. Yes.

Q. Is there anything about any one of those three conditions that you feel that you cannot abide by?

A. No, sir.

Q. Any difficulty, at all, about abiding by any one of those three commitments?

A. No, sir.

Q. All right. Now, you know what will happen if you violate any one of the three don't you?

A. Yes.

Q. I'll use my own discretion at that time as to what the sentence will be and I'm not [sic] released from my commitment as far as I'm concerned and if you have any difficulty with accepting that, I want you to tell me right now before I accept your plea of guilty.

A. No, sir, I don't have any difficulties.

Q. You're willing to accept that, so that sentencing will be deferred until December 27, 1978 so you can spend the next, approximately four weeks with your family, right?

A. Yes.

Brown appeared on December 27 as directed, but by agreement the sentencing was continued until January 5, 1979. Brown did not appear on January 5 and the court issued a warrant. Brown was later arrested under the warrant and appeared on March 30, 1979. At that hearing Brown acknowledged that he knew when sentencing was continued from December 27 to January 5 that the conditions he was to abide by continued in full force. Brown further acknowledged that he did not appear on January 5 and stated he had taken his family to Milwaukee because of some threats he had received. At that time the court stated:

Now, my agreement with you, I think we went over it pretty good. My agreement with you was that if you appeared when you were supposed to, that you did not commit any other crime in the interim, or that you did not contact the State's witness, Beverly Wang (phonetic); that I would give you the sentence that I mentioned but if you did any one of those three things that I was released from my commitment and I could do anything I wanted to do, within the statutory limit, by law, which Robbery I is five to life and Armed Criminal Action is, what three to life?

MR. ROGERS: (Brown's counsel) That's right, your Honor.

THE COURT: Am I correct on that?

DEFENDANT BROWN: Yes.

THE COURT: And you did not appear, did you?

DEFENDANT BROWN: No, sir.

The court continued sentencing until April 2, and at that time imposed a sentence of ten years on the robbery first degree count, and six years on the armed criminal action count, with the sentences to run consecutively.

In August, 1979, Brown filed the present motion under Rule 27.26. Counsel was appointed and a change of judge was taken from the judge who pronounced sentence. An evidentiary hearing was held and the

court found that the three conditions imposed upon Brown's conduct while he was free on bond in the interim between the plea and sentencing were in reality conditions relating to his bond. The court held that Brown was entitled to the sentence agreed upon in the plea bargain, vacated the sentence imposed, and resentenced Brown in accordance with the original agreement.

Brown has appealed and now contends that under *Schellert v. State*, 569 S.W.2d 735 (Mo. banc 1978) he is entitled to withdraw his plea of guilty because the trial court did not sentence him in accordance with the plea bargain. On this appeal Brown argues that his plea was not voluntary because it was based on a plea bargain and since he did not receive the sentence agreed upon, his plea should now be held to be involuntary and he should be allowed to withdraw that plea.

There is no doubt that under *Schellert* any plea bargain entered into between the State and the defendant must be made known to the judge on the record and if the judge is not willing to abide by the terms of the bargain he must allow the defendant an opportunity to withdraw his plea. However, that situation is not present in this case. Here it is clear the conditions imposed upon Brown were not part of the bond under which Brown was released pending the sentencing. Rather, it is clear the conditions of Brown's conduct were part and parcel of the plea bargain itself. It is abundantly clear that Brown, his counsel and the prosecutor, all understood and agreed the plea bargain to be that if Brown abided by the three conditions, then the sentence agreed upon would be imposed. It is likewise abundantly clear that all parties, including Brown, knew and acknowledged that if Brown violated any of the three conditions the bargain was off and sentence would be in the discretion of the court. The bargain was accepted by the court.[1] Thus, this is not a situation in which the

trial judge refused to abide by a plea bargain. Rather, the situation here is one in which the court accepted the bargain and agreed to abide by its terms. The only violation of the bargain was by Brown when he admittedly violated one of the conditions of the bargain. Therefore, the question becomes whether or not Brown has a right as a matter of law to withdraw his plea when he violated one of the conditions of the plea bargain.

When the State desires to take advantage of the violation of a condition imposed upon a defendant in a plea bargain, it must prove by a preponderance of the evidence that the defendant has violated his part of the bargain. *State v. Curry*, 49 Ohio App.2d 180, 359 N.E.2d 1379, 1381[1, 2] (1976). For this purpose the court must hold a hearing and the defendant has the right to call witnesses and to cross examine witnesses. *State v. Warren*, 124 Ariz. 396, 604 P.2d 660, 665[2–7] (App.1979). However, those rules do not apply in this case because Brown freely admitted that he did not appear for sentencing and that he knew the conditions remained in full force when the hearing was continued from December 27 to January 5. No question is raised on this appeal concerning the violation by Brown of that condition.

Brown's assertion that he is entitled to withdraw his plea completely overlooks the fact that under the plea bargain he undertook the obligation to abide by the three conditions and later violated one of them. As stated in *In Re Troglin*, 51 Cal.App.3d 434, 124 Cal.Rptr. 234, 237[3, 4] (1975):

> Well established is the rule that the People will be held strictly to the terms of a plea bargain made with a criminally accused. . . . It seems reasonable and just, at least where no public policy, or statutory or decisional or constitutional principle otherwise directs, that the accused also be held to his agreement.

Here it is only reasonable and just to hold Brown to the bargain he made with the court and the prosecutor. That bargain

---

1. Brown does not contend the court impermissibly participated in the plea bargain. The record shows the bargain was presented to the court after it was made and the court's questions to Brown were to insure that Brown understood the bargain.

was that if Brown violated any of the conditions the court was free to sentence him to any term allowed by law. The court carried out the bargain actually made and Brown is in no position to complain. Indeed to allow him to prevail would be to hold that he could profit by his violation of the agreement and in effect obtain a reward for his own wrongdoing.

 The court is considering this motion was in error when it held the conditions attached to the bond rather than the plea agreement itself. For that reason, the court erred in vacating the sentence actually imposed. The judgment on Brown's 27.-26 motion is reversed and this cause is remanded with directions to enter a judgment denying Brown's motion as to the judgment and sentence for robbery in the first degree. A conviction for armed criminal action arising out of a robbery has been held to constitute double jeopardy in *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980).

The court is directed to enter judgment vacating the judgment and sentence in the armed criminal action count. *State v. Leonard*, 606 S.W.2d 403 (Mo.App.1980).

All concur.