STATE of Missouri, Respondent,

v.

Donnie L. COLLINS, Appellant.

No. WD 30966.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1980.

Application to Transfer Denied Dec. 15, 1980.

Clifford A. Cohen, Deborah L. Steelman, Kevin Locke, Gary L. Gardner, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and PRITCH-ARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

*Defendant Donnie L. Collins was convict-ed* after a jury trial of the crimes of first–degree robbery and armed criminal action, in the armed robbery of one Payton Adams, III, at the Shannon Oil Company service station in Kansas City, Missouri, on Septem-ber 23, 1978. He was sentenced to ten years' imprisonment on each count to be served concurrently.

The appeal raises two evidentiary points. We affirm the judgment of first–degree robbery. For reasons hereafter noted, we reverse the armed criminal action judgment of conviction.

The first point raised by appellant is the overruling by the court of his pre–trial mo-tion to suppress the in–court identification of defendant by one Roy Rodriguez.

Rodriguez was a fellow employee with Adams at the service station. Driving by the station shortly before 5 o'clock the af-ternoon of the robbery he saw a man–later found to be Ronald Johnson, an accomplice of the defendant in the robbery–pumping gas at the station. It didn't "look right", so he drove his truck into the station. The defendant emerged from the station and walked to Rodriguez' truck. He told Rodri-guez, in answer to his question, that the gas

attendant had to leave on an emergency, and had been replaced by Thelma, another employee, and Bob Morlock, the owner of the station. Defendant said that Tommy Lee Beaver, brother to Thelma, had left him in charge. He then ordered Rodriguez out of the truck and, as Rodriguez testified, "told me he was going inside and talk about it". By this time Ronnie Johnson, the man whom Rodriguez had first observed pumping gas, had come to the truck. Rodriguez produced a pistol and ordered both men to put their hands on the truck. Johnson did so, but defendant Collins did not. "He kept trying to make a play for his back", Rodriguez said, "so we stood there and talked about, anywhere from 10 to 15 minutes". Rodriguez saw a handgun stuck in the middle of defendant's back as he turned, and he took the gun from the defendant. Defendant then ran. The time was shortly after 5 o'clock p. m.

At this point Adams, tied hand and foot, came hopping out of the service station. The police arrived within five minutes. Rodriguez turned over to the police his prisoner, Ronald Johnson, and the gun which he had taken from defendant Collins.

About two hours later Rodriguez went to the police station to observe a lineup. Defendant Collins had been arrested and was in the lineup. Rodriguez immediately identified him.

■ Defendant's first point is that the lineup was impermissibly suggestive, and the in–court identification should therefore have been quashed. Defendant claims the other two subjects in the lineup were markedly different from him in appearance. Defendant was five feet nine inches tall and was twenty–four years of age. One of the other men in the lineup was twenty–five years of age and was six feet one inch tall, while the third subject was five feet two inches tall, heavy set, and was seventeen years of age.

The lineup could not have contributed to any misidentification by the witness Rodriguez. The witness Rodriguez had talked with the defendant face to face for at least ten minutes in outside daylight. There can be no doubt that all his senses were alert during the conversation. It was only two hours until he saw the defendant at the police station where he identified him. He stated that he recognized the defendant by his facial features and also by scratches on his neck. The witness had a sound, independent basis for identification and the trial court was entirely correct in overruling the defendant's motion to suppress Rodriguez' in–court identification of the defendant, and in allowing Rodriguez to testify to defendant's identity as one of the persons who perpetrated the crime. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Terry*, 582 S.W.2d 337 (Mo. App.1979).

■ Defendant's second point is that the court erred in allowing Police Officer Lawrence E. Sherrard to testify as follows:

Q. Upon your arrival did you find that there was a Ronald Johnson there (at the Shannon Oil Company) under arrest?

A. Yes, I did.

Q. After you talked to Mr. Johnson, where did you respond?

A. I responded to 3528 South Benton.

Q. And whose address is that?

A. Donnie Collins.

Collins was found at the address and was arrested. Defendant argues that the plain implication of this testimony was that Johnson told Officer Sherrard that Defendant Collins was the other robber, and that such testimony is condemned by *State v. Kirkland*, 471 S.W.2d 191 (Mo.1971), as hearsay.

In *Kirkland*, however, the speaker (corresponding to Johnson in the present case) was not called as a witness by the state. Her identification of the defendant to the police officer was vital to the identification of the defendant in that case. "As to this issue", the court said, "the truth of the matter asserted is of prime importance and defendant was entitled to cross–examine the person upon whose credit the matter

was asserted as being the truth . . ." *Id.* at 194.

The important difference between the *Kirkland* case and the case now before us is that here the speaker did testify as a witness by the state. Johnson testified that the defendant Collins and he had perpetrated the robbery with which defendant Collins was charged. Furthermore, there was the positive identification by Payton Adams and by Roy Rodriguez. The identification of the defendant as the robber was thus fully established.

If the identification of defendant Collins as the other robber was inferred by the jury from Sherrard's testimony of his arrest of defendant after talking with Johnson, and if it was therefore inadmissible hearsay, it was merely cumulative and was harmless. *State v. McMillan*, 593 S.W.2d 629, 633, 634 (Mo.App.1980).

We *sua sponte*, under the plain error rule, Supreme Court Rule 29.12(b), *State v. Williams*, 595 S.W.2d 378, 379 (Mo.App. 1980), take note that defendant was convicted of first–degree robbery under §§ 560.120 and 560.135, RSMo 1969,[1] and of armed criminal action under § 559.225, RSMo Supp.1976. For the two offenses he received separate sentences of ten years, to be served concurrently. During the pendency of this appeal it has become settled in Missouri that the armed criminal action conviction upon proof of the same facts as the first–degree robbery conviction constitutes double jeopardy in violation of defendant's constitutional rights. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980); *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980).

The latter decision is retroactive in its effect and it renders void the armed criminal conviction in the present case. *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 531, 34 L.Ed.2d 483 (1973); *Burrow v. White*, Order and Writ of Habeas Corpus, filed May 1, 1980 (Mo. banc).

The armed criminal action conviction is therefore reversed, and the case is remanded to the trial court to vacate and set aside that conviction, judgment and sentence.

The first–degree robbery conviction and judgment are affirmed.

All concur.

---

1. The information charged that the robbery was accomplished "with a dangerous and dead-ly weapon, to wit: automatic pistol, loaded with gunpowder and leaden balls . . ."