**STATE of Missouri, Plaintiff–Respondent,**

v.

**Harold HAWKINS, Defendant–Appellant.**

**No. WD 31334.**

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied Jan. 13, 1981.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for defendant–appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff–respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Defendant appeals concurrent convictions for armed robbery and armed criminal action. The conviction for armed criminal action must be reversed. *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980). The issue remaining is the propriety of the evidence of identifications made by the victim in the armed robbery case.

The facts are relatively simple. The victim was accosted outside his residence and, with a gun at his back, was relieved of his money. Upon demand, he indicated there was more money in the study of his home. Forced into the lighted study with the gun in his back, the victim feigned a fainting spell and observed the assailant for "a real good look" for "about two minutes." The assailant was interrupted in his rummaging through the drawer of a desk by the arrival of the victim's landlord who lived upstairs. The assailant shot the victim and at. the landlord, then fled. The victim gave the police a detailed description of the assailant.

Some thirty minutes later, a police officer came to the scene to show a lab technician a "mug shot" of a person police suspected of a rash of robberies in the area. The purpose was to have the technician check any fingerprints found at the scene with the fingerprints of the person in the "mug shot." These fingerprints would be in the file with the number of the "mug shot." The victim inadvertently glimpsed the photo and made a tentative identification. On the basis of the physical description given by the victim, a policeman had attempted to apprehend the defendant some eleven blocks from the scene. The victim later identified the defendant in a lineup.

■ The defendant contends that the out–of–court identifications were improperly placed in evidence. The State counters first with a persuasive argument that the out–of–court identifications were admissible. It is not necessary to reach or decide that issue, however, as the State did not offer any evidence that the victim had made any out–of–court identifications. That evidence was elicited by defendant's attorney on cross examination. A defendant may not assert prejudice arising from testimony produced by defendant's own counsel. *State v. Cooksey,* 499 S.W.2d 485, 488 (Mo.1973); *State v. Stenner,* 591 S.W.2d 123, 125 (Mo.App.1979).

■ The defendant also contends the in–court identification of the victim was improperly admitted. Even if it be assumed that the earlier out–of–court identifications were suggestive–a fact which the State strenuously and persuasively contests–the in–court identification is admissible if it is inherently reliable and had an origin and basis independent of the other identifications. *State v. Bivens,* 558 S.W.2d 296 (Mo.App.1977); *State v. Jones,* 558 S.W.2d 810 (Mo.App.1977).

■ Viewing the entire evidence, there was an inherent reliability in the identifica-

tion and an independent basis for it. The victim viewed the defendant in a lighted room; he had "a real good look" for "two minutes." His description from that view was a very precise description of the defendant, causing the police to attempt to apprehend the defendant near the scene of the crime. His view of the defendant was not casual or passing; it was intentional. The in–court identification was unequivocal, and the relatively short periods between the crime and the out–of–court identifications do not imply the later positive in–court identification was not inherently reliable. Under the standards by which the admissibility of in–court identifications are measured and in the totality of the circumstances, the in–court identification was properly in evidence. *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), *appeal dismissed Higgins v. Missouri*, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980); *State v. Carter*, 572 S.W.2d 430, 435 (Mo. banc 1978).

The conviction for armed robbery is affirmed; the conviction for armed criminal action is reversed.

All concur.