**STATE of Missouri, Respondent,**

v.

**Tommy Bryant KENDRICK, Appellant.**

**No. 61936.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

David Robards, Public Defender, Joplin, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollas, Asst. Atty. Gen., Jefferson City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others [1] was ordered reexamined in light of *Albernaz v. United States,* 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State,* 593 S.W.2d 208 (Mo.banc 1980) (*Sours I*) or *Sours v. State,* 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*), those cases were all ordered transferred to this Court. Our examination of the double jeopardy issue made in light of *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard,* 619 S.W.2d 44 (Mo. banc No. 62227), decided July 14, 1981.

The original opinion filed by this Court, *State v. Kendrick,* 606 S.W.2d 643 (Mo. 1980), is approved and affirmed and by reference made a part of this opinion. *State v. Sours,* 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*), cert. denied, *Missouri v. Sours,* —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard,* 619 S.W.2d 44 (Mo.banc 1981).

---

1. See *State v. Counselman,* 603 S.W.2d 3 (Mo. App.1980); *State v. McGee,* 602 S.W.2d 709 (Mo.App.1980); *State v. Payne,* 607 S.W.2d 822 (Mo.App.1980); *State v. White,* 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams,* 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman,* —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). See *Brown v. State,* 607 S.W.2d 801 (Mo.App.1980); *State v. Collins,* 607 S.W.2d 712 (Mo.App.1980); *State v. Hawkins,* 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer,* 609 S.W.2d 423 (Mo.App.1980); *State v. Martin,* 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Western District, in *Missouri v. Brown,* —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). See *State v. Sinclair,* 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals, Southern District, in *Missouri v. Sinclair,* —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v.*

*Lowery,* 608 S.W.2d 445 (Mo.App.1980), vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery,* —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v. (Timothy) Crews,* 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews,* 607 S.W.2d 729 (Mo.App.1980); *State v. Helton,* 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall,* 607 S.W.2d 809 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District in *Missouri v. Crews,* —— U.S. ——, 101 S.Ct. 3103, 69 L.Ed.2d 968 (1981). In all of the above cases where an application for transfer to this Court was requested, all such applications were denied.

See *State v. (Donald) Greer,* 605 S.W.2d 93 (Mo.1980); *State v. Kendrick,* 606 S.W.2d 643 (Mo.1980); and *State v. (Rollan Anthony) Williams,* 606 S.W.2d 777 (Mo.1980), all of which were vacated and remanded to this Court in *Missouri v. Greer,* —— U.S. ——, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).

The judgment of conviction on Count V for robbery in the first degree is affirmed. The judgment of conviction on Counts II, IV, VI and VIII (each based on armed criminal action) is reversed.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of appellant's convictions for four counts of robbery in the first degree by means of a dangerous and deadly weapon. However, I dissent to that portion of the majority opinion reversing appellant's conviction for armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard*, 619 S.W.2d 44, decided this date.