**STATE of Missouri, Respondent,**

**v.**

**Eddie GREER, Appellant.**

**No. 63150.**

Supreme Court of Missouri, en Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others [1] was ordered reexamined in light of *Albernaz v. United States*, 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State*, 593 S.W.2d 208 (Mo.banc 1980) (*Sours I*) or *Sours v. State*, 603 S.W.2d 592 (Mo.banc

---

1. *See State v. Counselman*, 603 S.W.2d 3 (Mo.App.1980); *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980); *State v. Payne*, 607 S.W.2d 822 (Mo.App.1980); *State v. White*, 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams*, 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman*, —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). *See Brown v. State*, 607 S.W.2d 801 (Mo.App.1980); *State v. Collins*, 607 S.W.2d 781 (Mo.App.1980); *State v. Hawkins*, 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer*, 609 S.W.2d 423 (Mo.App.1980); *State v. Martin*, 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Western District, in *Missouri v. Brown*, —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). *See State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals, Southern District, in *Missouri v. Sinclair*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v.*

*Lowery*, 608 S.W.2d 445 (Mo.App.1980), vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v. (Timothy) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall*, 607 S.W.2d 809 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District in *Missouri v. Crews*, —— U.S. ——, 101 S.Ct. 3103, 69 L.Ed.2d 968 (1981). In all of the above cases where an application for transfer to this Court was requested, all such applications were denied.

*See State v. (Donald) Greer*, 605 S.W.2d 93 (Mo.1980); *State v. Kendrick*, 606 S.W.2d 643 (Mo.1980); and *State v. (Rollan Anthony) Williams*, 606 S.W.2d 777 (Mo.1980), all of which were vacated and remanded to this Court in *Missouri v. Greer*, —— U.S. ——, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).

1980) (*Sours II*), the cases were all ordered transferred to this Court. Our examination of the double jeopardy issue made in light of *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981).

The original opinion filed by the Missouri Court of Appeals, Western District, *State v. Greer*, 609 S.W.2d 423 (Mo.App.1980), is approved and affirmed and by reference made a part of this opinion. *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*), cert. *denied, Missouri v. Sours*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981).

That portion of the judgment relating to the convictions for armed criminal action is reversed. That portion of the judgment relating to the convictions for kidnapping, rape, and sodomy is in all respects affirmed.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of appellant's convictions for two counts of kidnapping, two counts of rape, and two counts of sodomy. However, I dissent to that portion of the majority opinion reversing appellant's convictions for armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard*, 619 S.W.2d 44, decided this date.