STATE of Missouri, Respondent,

v.

Rollan Anthony WILLIAMS, Appellant.

No. 61595.

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

Michael Gorla, Clayton, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollas, Asst. Atty., Gen., Jefferson City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others [1] was ordered reexamined in light of *Alber-*

---

1. See *State v. Counselman*, 603 S.W.2d 3 (Mo. App.1980); *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980); *State v. Payne*, 607 S.W.2d 822 (Mo.App.1980); *State v. White*, 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams*, 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman*, —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). See *Brown v. State*, 607 S.W.2d 801 (Mo.App.1980); *State v. Collins*, 607 S.W.2d 781 (Mo.App.1980); *State v. Hawkins*, 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer*, 609 S.W.2d 423 (Mo.App.1980); *State v. Martin*, 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Western District, in *Missouri*

*v. Brown*, —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). See *State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals, Southern District, in *Missouri v. Sinclair*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v. Lowery*, 608 S.W.2d 445 (Mo.App.1980), vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v. (Timothy) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews*, 607 S.W.2d 729 (Mo.App.1980); *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall*, 607 S.W.2d 809 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District in *Missouri v.*

naz v. United States, 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (Sours I) or *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II), those cases were all ordered transferred to this Court. Our examination of the double jeopardy issue made in light of *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

The original opinion filed by this Court, *State v. Williams*, 606 S.W.2d 777 (Mo.1980), is approved and affirmed and by reference made a part of this opinion. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*), cert. denied, Missouri v. Sours, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

Judgment affirmed as to Counts I and III; reversed as to Counts II and IV.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of appellant's convictions for two counts of robbery in the first degree. However, I dissent to that portion of the majority opinion reversing appellant's convictions for

Crews, —— U.S. ——, 101 S.Ct. 3103, 69 L.Ed.2d 968 (1981). In all of the above cases where an application for transfer to this Court was requested, all such applications were denied.

   See State v. (Donald) Greer, 605 S.W.2d 93 (Mo.1980); State v. Kendrick, 606 S.W.2d 643 (Mo.1980); and State v. (Rollan Anthony) Williams, 606 S.W.2d 777 (Mo.1980), all of which were vacated and remanded to this Court in Missouri v. Greer, —— U.S. ——, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).

1.  See State v. Counselman, 603 S.W.2d 3 (Mo. App.1980); State v. McGee, 602 S.W.2d 709 (Mo.App.1980); State v. Payne, 607 S.W.2d 822

armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard*, 619 S.W.2d 44, decided this date.