**STATE of Missouri, Respondent,**

v.

**Stanley G. HELTON, Appellant.**

**No. 63230.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

Darryl L. Hicks, Warrenton, for appellant.

John Ashcroft, Atty. Gen., Donna Bowles, Asst. Atty. Gen., Jefferson City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others [1] was ordered reexamined in light of *Albernaz v. United States*, 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (Sours I) or *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II), the cases were all ordered transferred to this Court. Our examination of the double jeopardy issue made in light of *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc No. 62227), decided July 14, 1981.

The original opinion filed by the Missouri Court of Appeals, Eastern District, *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980), is approved and affirmed and by reference made a part of this opinion. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (Sours II), cert. denied, *Missouri v. Sours*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

1. See *State v. Counselman*, 603 S.W.2d 3 (Mo. App.1980); *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980); *State v. Payne*, 607 S.W.2d 822 (Mo.App.1980); *State v. White*, 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams*, 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman*, —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). See *Brown v. State*, 607 S.W.2d 801 (Mo.App.1980); *State v. Collins*, 607 S.W.2d 781 (Mo.App.1980); *State v. Hawkins*, 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer*, 609 S.W.2d 423 (Mo.App.1980); *State v. Martin*, 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Western District, in *Missouri v. Brown*, —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). See *State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals Southern District, in *Missouri v. Sinclair*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v.*

*Lowery*, 608 S.W.2d 445 (Mo.App.1980), vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v. (Timothy) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews*, 607 S.W.2d 729 (Mo.App.1980); *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall*, 607 S.W.2d 809 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District in *Missouri v. Crews*, —— U.S. ——, 101 S.Ct. 3103, 69 L.Ed.2d 968 (1981). In all of the above cases where an application for transfer to this Court was requested, all such applications were denied.

See *State v. (Donald) Greer*, 605 S.W.2d 93 (Mo.1980); *State v. Kendrick*, 606 S.W.2d 643 (Mo.1980); and *State v. (Rollan Anthony) Williams*, 606 S.W.2d 777 (Mo.1980), all of which were vacated and remanded to this Court in *Missouri v. Greer*, —— U.S. ——, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).

That part of the judgment of the circuit court imposing a ten year sentence on defendant for armed criminal action is reversed. That part of the judgment imposing the fifteen year sentence for first degree robbery is affirmed.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS, and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of appellant's conviction for robbery in the first degree. However, I dissent to that portion of the majority opinion reversing appellant's conviction for armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard*, 619 S.W.2d 44, decided this date.