**STATE of Missouri, Respondent,**

v.

**Bobby Joe McGEE, Appellant.**

**No. 63136.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

Lang & O'Keefe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Peter Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others [1] was ordered reexamined in light of *Albernaz v. United States*, 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State*, 593 S.W.2d 208 (Mo.banc 1980) (*Sours I*) or

*Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980) (*Sours II*), the cases were all ordered transferred to this Court. Our examination of the double jeopardy issue made in light on *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard*, 619 S.W.2d 44 (Mo.banc No. 62227), decided July 14, 1981.

The original opinion filed by the Missouri Court of Appeals, Eastern District, *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980), is approved and affirmed and by reference made a part of this opinion. *Sours v. State*, 603 S.W.2d 592 (Mo.banc.1980) (*Sours II*), cert. denied, *Missouri v. Sours*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

The judgment of conviction on armed criminal action is reversed; the judgment of conviction on assault with intent to do great bodily harm without malice is reversed and remanded for a new trial.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS, and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its holding to reverse and remand appellant's conviction for assault with intent to do great bodily harm without malice. However, I dissent to that portion of the majority opinion reversing appellant's conviction for armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard*, 619 S.W.2d 44, decided this date.

---

1. *See State v. Counselman*, 603 S.W.2d 3 (Mo. App.1980); *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980); *State v. Payne*, 607 S.W.2d 822 (Mo.App.1980); *State v. White*, 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams*, 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman*, —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). *See Brown v. State*, 607 S.W.2d 801 (Mo.App.1980); *State v. Collins*, 607 S.W.2d 781 (Mo.App.1980); *State v. Hawkins*, 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer*, 609 S.W.2d 423 (Mo.App.1980); *State v. Martin*, 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the

Court of Appeals, Western District, in *Missouri v. Brown*, —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). *See State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals, Southern District, in *Missouri v. Sinclair*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v. Lowery*, 608 S.W.2d 445 (Mo.App.1980), vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). *See State v. (Timothy) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews*, 607 S.W.2d 729 (Mo.App.1980); *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall*, 607 S.W.2d 809 (Mo.App.1980), all of