**STATE of Missouri, Respondent,**

v.

**Johnny WILLIAMS, Appellant.**

**No. 62185.**

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied July 29, 1981.

Leonard Buckley, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for respondent.

*Reexamination on order of the United States Supreme Court*

PER CURIAM:

This case together with several others[1] was ordered reexamined in light of *Albernaz v. United States*, 450 U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). Since all of the courts of appeals rulings were based upon our ruling in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) (*Sours I*) or *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*), the cases were all ordered

transferred to this Court. Our examination of the double jeopardy issue made in light of *Albernaz* pursuant to the orders of the United States Supreme Court, appears in *State v. Haggard*, 619 S.W.2d 44 (Mo. banc No. 62227), decided July 14, 1981.

The original opinion filed by the Missouri Court of Appeals, Eastern District, *State v. Williams*, 610 S.W.2d 644 (Mo.App.1980), is approved and affirmed and by reference made a part of this opinion. *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980) (*Sours II*), *cert. denied, Missouri v. Sours*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981); and *State v. Haggard*, 619 S.W.2d 44 (Mo. banc 1981).

We reverse the conviction and sentence for armed criminal action. We affirm the convictions and sentences for assault with intent to rape with malice aforethought and carrying a concealed weapon.

DONNELLY, C. J., and SEILER, WELLIVER, MORGAN, HIGGINS and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

RENDLEN, Judge, concurring in part and dissenting in part.

I join the majority in its affirmance of appellant's convictions for assault with in-

---

1. See *State v. Counselman*, 603 S.W.2d 3 (Mo. App.1980); *State v. McGee*, 602 S.W.2d 709 (Mo.App.1980); *State v. Payne*, 607 S.W.2d 822 (Mo.App.1980); *State v. White*, 610 S.W.2d 646 (Mo.App.1980); *State v. (Johnny) Williams*, 610 S.W.2d 644 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District, in *Missouri v. Counselman*, —— U.S. ——, 101 S.Ct. 1690, 68 L.Ed.2d 190 (1981). See *Brown v. State*, 607 S.W.2d 801 (Mo.App.1980); *State v. Collins*, 607 S.W.2d 781 (Mo.App.1980); *State v. Hawkins*, 608 S.W.2d 496 (Mo.App.1980); *State v. (Eddie) Greer*, 609 S.W.2d 423 (Mo.App.1980); *State v. Martin*, 610 S.W.2d 18 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Western District, in *Missouri v. Brown*, —— U.S. ——, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). See *State v. Sinclair*, 606 S.W.2d 271 (Mo.App.1980), vacated and remanded to the Court of Appeals, Southern District, in *Missouri v. Sinclair*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v. Lowery*, 608 S.W.2d 445 (Mo.App.1980), vacat-

ed and remanded to the Court of Appeals, Eastern District, in *Missouri v. Lowery*, —— U.S. ——, 101 S.Ct. 3044, 69 L.Ed.2d 415 (1981). See *State v. (Timothy) Crews*, 607 S.W.2d 759 (Mo.App.1980); *State v. (Terry) Crews*, 607 S.W.2d 729 (Mo.App.1980); *State v. Helton*, 607 S.W.2d 772 (Mo.App.1980); *State v. Tunstall*, 607 S.W.2d 809 (Mo.App.1980), all of which were vacated and remanded to the Court of Appeals, Eastern District in *Missouri v. Crews*, —— U.S. ——, 101 S.Ct. 3103, 69 L.Ed.2d 968 (1981). In all of the above cases where an application for transfer to this Court was requested, all such applications were denied.

See *State v. (Donald) Greer*, 605 S.W.2d 93 (Mo.1980); *State v. Kendrick*, 606 S.W.2d 643 (Mo.1980); and *State v. (Rollan Anthony) Williams*, 606 S.W.2d 777 (Mo.1980), all of which were vacated and remanded to this Court in *Missouri v. Greer*, —— U.S. ——, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981).

tent to rape with malice aforethought and carrying a concealed weapon. However, I dissent to that portion of the majority opinion reversing appellant's conviction for armed criminal action for the same reasons set forth in my dissenting opinion in *State v. Haggard,* 419 S.W.2d 44, decided this date.