William R. BROWN, Appellant,

v.

William ARMONTROUT, Appellee.

No. 85–1467.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1985.

Decided March 13, 1986.

Paul R. Katz, Kansas City, Mo., for appellant.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

William R. Brown appeals the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. Brown contends that he should be allowed to withdraw his guilty plea, and that his convictions for armed criminal action and robbery violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. We affirm.

## BACKGROUND

Brown pled guilty to robbery in the first degree and to armed criminal action with a commitment from the court that, if he observed three conditions, he would receive an eight year sentence on the robbery charge and four years for armed criminal action, to run consecutively. The three conditions were: 1) he would not commit any new offense before sentencing, 2) he would not contact the victim of the crime, and 3) he would appear on December 27, 1978, the day set for sentencing. In response to questions posed by his counsel and again by the prosecutor, Brown acknowledged that he accepted the conditions and that he realized if he violated any of the conditions he could possibly get two life sentences. Moreover, he had the same interchange with the court:

Q. If you commit any one of these three conditions, then my commitment is off and I can give you anything I want to, up to two consecutive life sentences. You understand that?

A. Yes.

\* \* \* \* \* \*

Q. All Right. Now you know what will happen if you violate any one of the three, don't you?

A. Yes.

Q. I'll use my own discretion at that time as to what the sentence will be and I'm not released from my commitment as far as I'm concerned and if you have any difficulty with accepting that, I want you to tell me right now before I accept your plea of guilty.

A. No, Sir. I don't have any difficulties.

Brown appeared on December 27 but, by agreement, the sentencing was continued until January 5, 1979, so that he could spend more time with his family. Brown did not appear on that date. The Court waited until January 8, and when it still had not heard from Brown, it forfeited his bond and issued a capias warrant. Brown was arrested and taken into custody under the warrant on March 9, 1979. At a subsequent hearing, Brown explained that although he knew the conditions were still in effect, he did not appear on January 5 because he had left town due to threats on his life. He gave no explanation as to why he did not attempt to contact the court for more than two months. The court reiterated the plea bargain:

> My agreement with you was that if you appeared when you were supposed to, that you did not commit any other crime in the interim, or that you did not contact the State's witness, Beverly Hwange, that I would give you the sentence that I mentioned but if you did any one of those three things that I was released from my commitment and I could do anything I wanted to do, within the statutory limit, by law, which Robbery I is five to life and Armed Criminal Action is, what three to life?
>
> Brown's counsel: That's right, your Honor.
>
> The Court: Am I correct on that?
>
> Defendant Brown: Yes.
>
> The Court: And you did not appear, did you?
>
> Brown: No, Sir.

The court imposed a sentence of ten years on the robbery first degree count, and six years on the armed criminal action count, with the sentences to run consecutively.

Brown then filed a motion to vacate the sentence pursuant to Mo.R.Crim.P. 27.26, requesting either that his sentence be vacated, or that the sentence he agreed to be reinstated. The court sustained the motion and resentenced him in accordance with the original agreement. The court found that the three conditions were conditions of his bond, not of the sentence.

Brown appealed contending that the court erred in not vacating his sentence. The sentencing court's refusal to honor the plea bargain, he claimed, entitled him to withdraw his guilty plea. The Missouri Court of Appeals reversed and remanded with directions to enter a judgment denying Brown's motion as to the sentence for robbery. The court reasoned that, as part of the plea, Brown had agreed that the court could enhance his sentence if he violated the conditions. The conviction for armed criminal action was vacated, however, under a double jeopardy theory. *Brown v. State*, 607 S.W.2d 801 (Mo.App. 1980). The United States Supreme Court reinstated Brown's conviction for armed criminal action in *Missouri v. Haggard*, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983), pursuant to the decision in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Therefore, the original judgment and sentence were once again in effect. Brown's petition for habeas relief was denied, and this appeal followed.

## ANALYSIS

Brown contends that the court rejected the plea agreement when it sentenced him to sixteen years, rather than the twelve he agreed to, and that he therefore should have been provided the opportunity to withdraw his plea. We do not agree.

The court did not reject the plea agreement. The three conditions placed on Brown's conduct were part of the plea bargain itself. The record is clear that Brown knew that if he violated any of the three conditions the bargain was off and his sentence would be left to the discretion of the court. This bargain was accepted by the court. Brown violated the agreement and the court, properly, exercised its discretion and imposed a longer sentence. Moreover, Brown offered no reasonable explanation as to why he did not appear for sentencing. Even if threats on his life were made, that does not explain why he never contacted the court. He made no attempt to explain what happened to him until he was ap-

prehended and brought before the court against his will.

Brown also contends that his convictions for robbery and armed criminal action violate the double jeopardy clause. The United States Supreme Court has already determined that they do not. *See Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

Affirmed.